In re Robert Dean NOVOTNY, dba Self-Employed Salesman, adba "The Lady L," Winner, SD, and Linda Kaye Novotny, dba "The Lady L," Winner, SD, Debtors.

James A. CRAIG, Trustee, Plaintiff,

v.

Robert Dean NOVOTNY and Linda Kaye Novotny, Defendants.

Bankruptcy No. 380–00005.
Adv. No. 381–0036.

United States Bankruptcy Court,
D. South Dakota.

Jan. 15, 1982.

262 (1979).

James A. Craig, Dorothy, Craig, Palmer & Harris, Sioux Falls, S.D., pro se for plaintiff.

J. Bruce Blake, Sioux Falls, S.D., for defendants.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Robert Dean and Linda Kaye Novotny, hereinafter Debtors, are in a Chapter 7 bankruptcy. James A. Craig, Interim Trustee, hereinafter Trustee, filed a complaint to Debtors' claimed exempt property. In a responsive pleading, Debtors filed a motion to dismiss Trustee's complaint for failure to state a cause of action. The Court held a hearing on Debtors' motion and took the matter under advisement. The following Memorandum Decision is based upon the pleadings, bankruptcy schedules, and arguments made by counsel.

## FINDINGS OF FACT

1. Debtors' Chapter 13 case was converted by the Court to a Chapter 7 on or about April 1, 1981.

2. The Clerk of the Bankruptcy Court issued a Chapter 7 Notice of First Meeting of Creditors dated April 8, 1981.

3. The Notice of First Meeting of Creditors fixed the 6th day of May, 1981, as the first date scheduled for the First Meeting of Creditors in the case.

4. Fifteen (15) days after the first date scheduled for the First Meeting of Creditors in the case was the 21st day of May, 1981.

5. The Court did not grant an appropriate extension of time with or without cause prior to the expiration of fifteen (15) days after the date for the First Meeting of Creditors.

6. No objections were filed during the fifteen-day period following the First Meeting of Creditors.

7. The complaint on Trustee's objection to claimed exempt property was filed on August 27, 1981.

## TRUSTEE'S ARGUMENTS

1. There is a potential asset for the estate because allegedly Debtors have improperly claimed their homestead exemption.

2. Trustee made a mistake and did not see the potential asset.

3. The Court should enter an order pursuant to 11 U.S.C. § 105 excusing Trustee's mistake and allowing Trustee to object to the claimed exempt property.

## DEBTORS' ARGUMENT

Local Rule, "Exemptions," 6(c), provides if no timely objections are filed, the property claimed as exempt shall be deemed exempt.

## ISSUE

Should a bankruptcy court issue an order pursuant to 11 U.S.C. § 105 allowing a trustee to file a late objection to a debtor's claimed exempt property.

## CONCLUSIONS OF LAW

Trustee seeks an order as provided by 11 U.S.C. § 105(a). This statute provides:

"(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

The dispute between the parties in this instance is because Trustee has failed to act

in accordance with Local Rule 6(b).[1] This rule provides:

"(b) Any objection thereto by any party in interest pursuant to the said § 522(1) shall be made in writing and filed with the Clerk of the Bankruptcy Court no later than fifteen (15) days after the first date scheduled for the first meeting of creditors in the case or if a dependent's list is filed no later than fifteen (15) days thereafter. The Court may for cause shown grant an appropriate extension of time."

Local Rule 6(b) clearly provides a trustee must object to a debtor's claimed exempt property no later than fifteen (15) days after the first date scheduled for the first meeting of creditors. This Bankruptcy Court holds the purpose of the fifteen-day requirement is to give a debtor a prompt determination of his right to exemptions. Furthermore, any delay in a determination of exemptions only hinders a debtor's fresh start.

In this case, the last date for Trustee to file objections was May 21, 1981. Trustee filed an objection to claimed exempt property on August 27, 1981. Trustee requests an order pursuant to 11 U.S.C. § 105(a) excusing his late objection.

This Bankruptcy Court holds Trustee's request for an order pursuant to 11 U.S.C. § 105(a) excusing his tardy objection to Debtors' claimed exempt property circumvents necessary and established procedures for a prompt determination of Debtors' right to exemptions.

The foregoing shall constitute Findings of Fact and Conclusions of Law, and Attorney Blake shall submit an order consistent with this Decision dismissing Trustee's complaint.

1. Local Rule 6(b) replaces Bankruptcy Rule 403(b) which was abolished by the 1978 Bankruptcy Code. Bankruptcy Rule 403(b) provides:

"(b) *Trustee's Report.* The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable. The report shall be filed with the court no later than 15 days after the trustee qualifies. If the trustee reports that any exemption claimed is not allowable, he shall forthwith mail or deliver copies of the report to the bankrupt and his attorney."