**In re Gary George KJERSTAD, Debtor.**

**Bankruptcy No. 583–00090.**

United States Bankruptcy Court,
D. South Dakota.

July 31, 1984.

John M. Fousek, Rapid City, S.D., for debtor.

Wm. Jason Groves, Rapid City, S.D., Trustee, pro se.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The above-entitled debtor filed a chapter 7 petition in bankruptcy on July 8, 1983. The trustee conducted an 11 U.S.C. § 341 meeting of creditors on August 16, 1983. The trustee, by his own admission, filed an objection to the debtor's claimed exempt property on August 22, 1983, but failed to serve the objection on the debtor or debtor's counsel until October 29, 1983. Debtor's counsel responded to the trustee's objection with a motion to dismiss the objection as not timely served and further requested a hearing as required under the then-existing local rules. *See* Local Bankruptcy Rule 6(c), General Order in effect on and after October 1, 1979. The trustee has not argued that his failure to timely serve the debtor arose from excusable neglect. Although the debtor has raised three issues, the Court need only address one, having found that the trustee is precluded from objecting to the debtor's claimed exemptions by his failure to timely notify the debtor or debtor's counsel of his objections.

Under section 405(d) of the Bankruptcy Reform Act of 1978, the bankruptcy rules previously promulgated and effective under prior bankruptcy law apply to cases under the Bankruptcy Reform Act to the extent that they are not inconsistent with the Act and until repealed or superseded by new rules. The United States Supreme Court, by an order dated April 25, 1983,

adopted a new set of bankruptcy rules effective August 1, 1983, with the following qualification:

> That the aforementioned Bankruptcy Rules shall take effect on August 1, 1983, and shall be applicable to proceedings then pending, except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies.

Based on the qualification in the Supreme Court's order of April 25, 1983, the Court concludes that equity requires the bankruptcy rules, including local rules, existing prior to August 1, 1983, be applied to the instant controversy.

Subsection 522(1) of the Bankruptcy Code provides that a debtor's claimed exemptions are exempt unless a party in interest objects. 11 U.S.C. § 522(*l*). Exemptions are addressed in Rule 403 of the Bankruptcy Rules of Procedure which has been found to be not inconsistent with the substantive provisions of the new Bankruptcy Code. *In the Matter of Upright*, 1 C.B.C.2d 229, 1 B.R. 694 (Bkrtcy.N.D.N.Y. 1979); *In the Matter of Houck*, 3 C.B.C.2d 956, 9 B.R. 460 (Bkrtcy.E.D.Mich.1981) (applied subsections (b) and (c) to Code case). Rule 403(b) requires the trustee to file a report indicating the debtor's exemptions that are allowed and those that are not within fifteen (15) days subsequent to qualifying as trustee. In addition, Rule 403(b) further requires the trustee to *forthwith* mail a copy of his report to the debtor and the debtor's lawyer if any exemptions claimed are not allowed (emphasis added). Local Bankruptcy Rule 6(b), the local rule dealing with exemptions that was in effect at the time the debtor filed his chapter 7 petition, requires the trustee to file an objection to a debtor's claimed exemptions within fifteen (15) days following the date scheduled for the first meeting of creditors in the case. *See* Local Rule 6(b) of the Bankruptcy Court's General Order in Bankruptcy (effective for cases filed on or after October 1, 1979); *see also* Local Rule 2 of the Court's General Order in Bankruptcy (effective August 1, 1983).

Even construing Rule 403(b) and Local Rule 6(b) together in a light most favorable to the trustee, any objections to the instant debtor's claimed objections had to be filed within fifteen (15) days subsequent to the date scheduled for the first meeting of creditors. While the trustee filed his objections with the Clerk of the Bankruptcy Court within six (6) days following the date set for the meeting of creditors, he did not serve the objections on the debtor or his counsel until approximately two and one-half months after the date of the first meeting, October 29, 1983. Rule 403(b) specifically requires the trustee to forthwith mail or deliver a copy of his report on a debtor's exempt property to the debtor and his attorney, if any, if the debtor's claimed exemptions are not allowed. "Forthwith" has been defined as "immediately; without delay; directly...." Black's Law Dictionary (5th ed. West 1979). A two and one-half-month delay is not immediate, not without delay, not direct, and, consequently, not forthwith as required by the rule.

■ Although the trustee has timely filed his objections to the debtor's claimed exempt property, his failure to forthwith serve the objections on the debtor and his lawyer derogates the requirements of Rule 403(b) and undermines the purpose of limiting the time when an objection may be made. Finality is an important policy consideration behind the fifteen-day statute of limitations prescribed by Rule 403(b) and Local Rule 6(b). *See i.e. In re Grethen*, 14 B.R. 221, 225 (Bkrtcy.N.D.Iowa 1981). Requiring parties in interest to file objections to a debtor's claimed exemptions within fifteen (15) days subsequent to the first meeting of creditors allows a debtor to obtain a prompt determination of his right to exemptions and, consequently, furthers the "fresh start" policy behind the Code. *In re Novotny*, 17 B.R. 196 (Bkrtcy.D.S.D. 1982). Certainly, a policy of "finality" and the benefits flowing therefrom were abrogated when the trustee did not serve the

debtor and his counsel until two and one-half months after the first meeting of creditors was held. There is no finality for a debtor who has not been served with an objection, notwithstanding the fact that the objection is filed with the Clerk of the Bankruptcy Court.

In the absence of the trustee arguing or establishing excusable neglect for his delay in serving the debtor and his counsel, the Court concludes that prejudice to the debtor will be presumed when considered in the light of the applicable rules and the policy of finality behind them. Accordingly, the Court grants the debtor's motion to dismiss the trustee's objections.

All of the above constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for the debtor is directed to submit a proposed order and judgment, consistent with the Court's Findings of Fact and Conclusions of Law, in accordance with Bankr.R.P. 9021. The order and judgment must be submitted to the Clerk of this Court forthwith.