**In re Selmer John HILMOE and Joan Mercedes Hilmoe.**

**Bankruptcy No. 484–00074.**

United States Bankruptcy Court,
D. South Dakota.

Jan. 11, 1985.

Rick A. Yarnall, Moore, Rasmussen, Sabers & Kading, Sioux Falls, S.D., for debtors Selmer John Hilmoe and Joan Mercedes Hilmoe.

James A. Craig, Craig, Harris & Nichols, Sioux Falls, S.D., trustee.

PEDER K. ECKER, Bankruptcy Judge.

The above-entitled debtors filed a voluntary Chapter 7 petition on March 16, 1984. The Trustee conducted a meeting of creditors pursuant to 11 U.S.C. § 341 on May 8, 1984. The debtors subsequently filed a motion for leave to amend Schedules A–1, A–2, B–2, and B–4, which motion was granted on June 26, 1984. The amendments were filed on the same date. On July 19, 1984, the Trustee filed an Objection to Claimed Exempt Property. This objection was never served upon the debtors or their attorney. This case is now before the Court on a motion by the debtors to determine whether the Trustee can compel valuation of the debtors' property. The debtors maintain that the Trustee does not have the power to compel valuation because the objection to claimed exemptions was not timely filed or served.

Rule 4003 of the Bankruptcy Rules and Local Bankruptcy Rule 2, both effective as of August 1, 1983, are the applicable rules in this situation. Rule 4003(b) provides that objections to claimed exemptions must be filed within thirty (30) days after the conclusion of the meeting of creditors or

the filing of any amendment to the list of exemptions. Copies are to be delivered to the Trustee, where applicable, and the person filing the list of exemptions and his attorney. Local Rule 2 states that the meeting of creditors is deemed concluded on the first date set unless within thirty (30) days the Trustee files notice that such meeting is not concluded.

In the instant case, although the meeting of creditors was concluded on May 8, 1984, the time for filing objections to claimed exemptions would run from June 26, 1984, the date of the debtors' amendments to the list of exemptions. According to this timetable, the Trustee's objection was timely *filed*, but the objection must fail because it was not timely *served* as required by the Rules. This Court had occasion recently to decide a case with similar facts under the previous Rules. *See In re Kjerstad*, 56 B.R. 260 (Bkrtcy.D.S.D.1984). Its reasoning is no less appropriate to the case at bar. The Trustee's failure to promptly serve the debtor and his attorney derogates the requirements of the Rules and undermines the purpose of limiting the time when an objection may be made. Requiring parties in interest to file and serve objections to claimed exemptions within thirty (30) days of the meeting of creditors or any amendments to the list of exemptions allows the debtor to seek a prompt determination of his right to exemptions, and, consequently, furthers the "fresh start" policy behind the Code. *In re Novotny*, 17 B.R. 196 (Bkrtcy. D.S.D.1982); *In re Kjerstad, supra* at p. ——.

Absent any evidence of excusable neglect for the Trustee's failure to serve the debtors and their attorney, the Trustee's objection will be dismissed and, with it, any action to compel valuation of the debtors' exempt property.

Based on the foregoing, counsel for the debtors is directed to submit findings of fact and conclusions of law, not inconsistent with this letter decision, pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52, and draft an appropriate order and judgment in accordance with Bankr.R.P. 9021.