**In re Roger Louis DOYON and Annette Ann Doyon.**

**DOYON**

v.

**CITIBANK (NEW YORK STATE), N.A.**

**Bankruptcy No. 184–00159.**

United States Bankruptcy Court, D. South Dakota.

Nov. 13, 1985.

William J. Pfeiffer, Aberdeen, S.D., for debtors Roger Louis Doyon and Annette Ann Doyon.

Raymond C. Stilwell, Relin & Goldstein, Rochester, N.Y., and Marilyn Marshall Maloney, Aberdeen, S.D., for Creditor Citibank (New York State), N.A.

PEDER K. ECKER, Bankruptcy Judge.

This matter is before the Court on a Response to Motion to Discharge Nonbankruptcy Judgments and to Avoid Judicial Liens filed September 11, 1985, on behalf of Citibank (New York State), N.A., by Attorneys Raymond C. Stilwell, Rochester, New York, and Marilyn Marshall Maloney, Aberdeen, South Dakota. A hearing was held in Aberdeen, South Dakota, on September 20, 1985. Attorney William J. Pfeiffer appeared for the debtors and Attorney Maloney for Citibank.

The relevant facts are these. Citibank obtained a $13,823.86 judgment in the Supreme Court of New York, Ontario County, which was filed and docketed with the Ontario County Clerk on August 11, 1982. This judgment arose from an amount outstanding after a motor home repossession in the State of New York. On November 8, 1985, an exemplified copy of the New York judgment was filed in Codington County, South Dakota.

On November 23, 1984, the debtors filed a voluntary Chapter 7. While the meeting of creditors was held on February 19, 1985, a notice of proposed action regarding a compromise of excess exemptions was filed by the trustee on March 5, 1985.[1]

Neither the debtors' schedules nor Citibank's motion allege Debtors' ownership of any real or personal property in the State of New York. The debtors' schedules only list real property located in Clark County, South Dakota, as homestead property and, therefore, exempt under S.D.C.L. § 43–45–3. The value claimed as exempt is less than $30,000. See S.D.C.L. § 43–45–3.

The arguments advanced within Citibank's motion are summarized as follows:[2]

1. The trustee filed a notice of proposed action regarding compromise and settlement of excessive exemptions for $541.50. This compromise had a twenty-day objection period. No objections were filed.

2. Citibank's motion alleges, among other things, that:
   1) "The Ontario County, New York judgment is only a lien upon any and all real property owned by the Debtors and located within the County of Ontario, State of New York...."

1.  The New York Supreme Court judgment, as applied to any of the debtors' property located in Ontario County, New York, survives discharge granted under 11 U.S.C. § 727.

2.  Unless the homestead property consists of a mobile home not registered for at least six months, Citibank's judicial lien filed in South Dakota may constitute an impairment to a claimed exemption under 11 U.S.C. § 522(f)(1).

The first issue is whether the New York Supreme Court judgment, as applied to any of the debtors' property located in Ontario County, New York, survives discharge under 11 U.S.C. § 727.

■ After careful consideration of the file and arguments provided by counsel, the Court holds that it need not decide this issue. This is because neither the debtors' schedules nor Citibank's motion allege Debtors' ownership of any real or personal property located in the State of New York and the Court does not issue advisory opinions. 28 U.S.C. § 157(b) and *In re Davis,* 23 B.R. 773, 777 (9th Cir.Bkrtcy.Pan.1982); *J.N.S., Inc. v. State of Indiana,* 712 F.2d 303 (7th Cir.1983). Regardless of any New York judicial lien, the underlying personal liability of the debtors on the Citibank debt is discharged. *See* 11 U.S.C. §§ 727 and 524(a), (b), and 28 U.S.C. § 1334(d).

■ The second issue is whether the homestead exemption properly applies to the real property listed on the debtors' schedules. The Court also need not decide this issue. This is because Citibank is essentially raising an objection to property claimed as exempt, and this objection is untimely filed. *See* Bankr.R.P. 4003(b) and *In re Hilmoe,* 56 B.R. 262 (Bkrtcy.D.S.D.

1985). Rule 4003(b) reads, in pertinent part, as follows:

"[A]ny creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ... or the filing of any amendment to the list...." *See also* Local Rule 2.

Regardless of whether a compromise of excess exemptions constitutes "any amendment to the list" under Bankr.R.P. 4003(b), Citibank's September 11, 1985, motion was not filed within the required thirty-day period. The certificate of mailings show that Citibank received notice of all proceedings. Thus, because of the untimely filing, this objection is dismissed.

■ Because the debtors value in real property located in Clark County, South Dakota, claimed as homestead and exempt under S.D.C.L. § 43-45-3 is less than $30,-000, Citibank's South Dakota judicial lien impairs this exemption. The Court voids this lien under 11 U.S.C. § 522(f). *See In re Elsner,* 35 B.R. 115 (Bkrtcy.D.S.D.1983).

The above and foregoing letter decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for the debtors is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law and in accordance with Bankr.R.P. 9021, to the Clerk of this Court.

Therefore, said judgment in no way impairs the Debtors' rights to exempt real property under the laws of South Dakota.... Obviously, the Debtors' homestead is not in the State of New York; the judgment against their property there should therefore be permitted to survive the bankruptcy because its existence in no way impairs their rights to a South Dakota exemption."
2) "The South Dakota judgment may or may not impair a right of the Debtors to a South

Dakota exemption. If the Debtors' South Dakota homestead consists of real property, CITIBANK's judicial lien may well be an impairment. However, to the extent that their homestead consists of a mobile home, they would appear to have no homestead interest under South Dakota law, because mobile homes must be registered in South Dakota for at least six months prior to the claim of exemption."