In re Eugene Arthur ELSNER and Ritha Fay Elsner, Debtors.

Eugene Arthur ELSNER and Ritha Fay Elsner, Plaintiffs,

v.

AMAN COLLECTION SERVICE, INC. Brewster Building Center, Inc., Midwest Credits, Inc. and Richter Parts Supply, Defendants.

Bankruptcy No. 181–00100.
Adv. No. 182–0095.

United States Bankruptcy Court, D. South Dakota.

Dec. 19, 1983.

George J. Rice, Rice & Bowen, Aberdeen, S.D., for plaintiffs.

A. William Spiry, Britton, S.D., for Brewster Building Center, Inc.

Daniel R. Moen, McNeary & Moen, Aberdeen, S.D., for Aman Collection Service, Inc.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This matter comes before the Court on the complaint of the Chapter 13 debtors seeking avoidance of judicial liens under 11 U.S.C. § 522(f), alleging an impairment of the homestead exemption. Defendant Brewster Building Center, Inc., denies that the contested property is homestead property. Defendant Aman Collection Agency, Inc. alleges that the Bankruptcy Court is without jurisdiction to discharge state court judgments because state courts have that power and further allege that avoidance of a judicial lien pursuant to Section 522(f) of the Bankruptcy Code is an unconstitutional taking of property.

The debtors filed for relief under Chapter 7 of title 11 of the Bankruptcy Code. The debtors exempted their homestead from the bankruptcy estate under 11 U.S.C. § 522(b) and South Dakota Codified Laws §§ 43–31–1 and 43–45–3. On January 19, 1982, the meeting of creditors was conducted by the trustee and the Chapter 13 plan confirmed by the Court.

The debtors filed a complaint to avoid judicial liens impairing the exempt homestead property pursuant to 11 U.S.C. § 522(f)(1) on October 4, 1982.

Defendants Midwest Credits, Inc. and Richter Parts Supply did not file responsive pleadings nor appear in the proceeding.

The debtors seek avoidance of the liens of Aman Collection Agency, Inc. and Brewster Building Center, Inc. (hereinafter collectively referred to as "creditors") under 11 U.S.C. § 522(f)(1) which states:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—a judicial lien.

Three requisites must be established before a lien may be avoided as a judicial lien. First, the lien of the creditor must be against an interest of the debtor in the property; second, the lien must impair the exemption to which the debtor would otherwise be entitled; and third, the lien must be a judicial lien. *See Cowan v. Cowan,* 12 B.R. 613 (Bkrtcy.W.D.Okl.1981).

In satisfying the first requirement, it is necessary to identify the interest of the debtor in the property. The defendants have the status of creditors having secured claims. The defendants' secured claims are the liens claimed in the homestead property. To satisfy this condition, the plaintiffs must show that the liens are against the property owned by the plaintiffs. It is uncontroverted that the plaintiffs are the sole owners of the homestead. Consequently, the first requisite is satisfied.

The lien must impair the exemption to which the debtors can and do claim exempt. The debtors chose the South Dakota homestead exemption, SDCL § 43–31–1. Under this statute, the debtors exempted the entire homestead. The proceeds, not exceeding thirty thousand dollars, from the volun-

tary sale of the homestead is also exempt for one year after the owner's receipt of the proceeds. SDCL 43–45–3(2).

Unless a party in interest objects, property claimed exempt is exempt. 11 U.S.C. § 522(*l*). Any interested party may file written objections to a debtor's claim of exemption within fifteen days after the meeting of creditors. Bankruptcy Court Local Rule 6(b). Under Local Rule 6(b), the Court may, for cause, extend the time to allow filing of objections. The meeting of creditors was conducted by the trustee on January 19, 1982. There were no objections filed by any party contesting the debtors' claim of exempt homestead. The first time any question was raised on the claim of exemption was in the pleadings of the defendants filed approximately nine months after the meeting of creditors. The Court cannot find good cause for granting an extension of time to allow the untimely objections to the claim of homestead by the debtors. Therefore, any lien against the homestead property impairs the exemption claimed by the debtors. The defendants' liens impair the homestead exemption and the second requirement is satisfied.

The third and final requirement is that the lien be a judicial lien. The Bankruptcy Code defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27). A lien is a "charge against or interest in property to secure payment of a debt or a performance of an obligation." 11 U.S.C. § 101(28). The plaintiffs claim that the defendants' liens are judicial liens. The defendants do not contest this claim. The facts support the conclusion that a judicial lien is the nature of the defendants' liens. The third and final requirement for avoidance of judicial liens under 11 U.S.C. § 522(f)(1) has been satisfied.

The last issue before the Court is the constitutionality of section 522. In making an analysis of the constitutionality of any statute, certain presumptions come to bear. Any Congressional Act coming before the court comes with a presumption of constitutionality. It is the burden of the party challenging the statute to overcome the presumption. *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976). Absent a clear showing of a violation of a constitutionally protected right or privilege, a trial court should resolve any question of constitutionality in favor of the act. *Goldblatt v. Hempstead,* 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130 (1960). The defendants challenge the constitutionality of 11 U.S.C. § 522(f) by alleging a taking of property without due process under "the Statutes and Constitution of the State of South Dakota and the United States Constitution." The defendants do not specifically state the basis of the constitutional challenge to Section 522(f). Clearly, the defendants have not overcome the presumption of constitutionality or made a clear showing of a violation of a constitutionally protected right.

In accordance with the foregoing, the debtors' Complaint for Avoidance of the Judicial Liens under 11 U.S.C. § 522(f) will be granted.

The above constitute Findings of Fact and Conclusions of Law of the Court pursuant to Bankruptcy Rule 7052. Counsel for the Debtors shall submit an order consistent with this memorandum decision.