**In re Vincent G. and Sarah MONTEMURRO, Debtors.**

**Bankruptcy No. 881–82844–20.**

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Jan. 10, 1984.

Pincus & Solomon, by Albert R. Pincus, Levittown, N.Y., for debtors.

Milton Costroff, New York City, for Bankers Trust New York Corp.; David E. Pressman, of counsel.

ROBERT JOHN HALL, Bankruptcy Judge.

On July 20, 1983 this Court signed an Order reopening the debtors' chapter 7 case to allow them to file an action to avoid a judicial lien. The debtors' case had been closed on January 8, 1982. The debtors filed a motion on October 13, 1983 seeking an order voiding the judicial lien of Bankers Trust New York Corporation pursuant to 11 U.S.C. § 522(f). The lien in question arose from a judgment attained by Bankers Trust on December 10, 1980 for $1,843.48.

The debtors sold their real property for $58,500.00 on July 30, 1983. In order to close title to the property, it was necessary for the debtors to post a $2,000 escrow with the company insuring title. The debtors now seek to avoid the lien as the prerequisite for return of the escrow funds.

Bankers Trust sets forth two arguments why the debtors should not be permitted to avoid its lien at this time. The first is that the debtors no longer own the property subject to its lien. Bankers Trust argues that the Court lacks power to avoid a judicial lien on property not owned by the debtors. Bankers Trust points to the language of section 522(f) that "the debtor may avoid the fixing of a lien on an interest of the debtor in property...." The second argument of Bankers Trust is that it would be unfairly prejudiced if the Court were to require a valuation hearing now in order to determine what the value of the property was two years ago.

The issue of whether section 522(f) should be construed as to permit debtors to

avoid a lien on property that they no longer own, but that they owned during pendency of the case, is a difficult one. Certainly the literal language of section 522(f) supports the creditor's position. Nowhere in the legislative history of the Bankruptcy Code is this issue addressed. An analysis of the purpose of section 522(f) only yields the vague policy of furthering the debtor's "fresh start." In the absence of a compelling reason not to construe the section's language literally, the Court is constrained to deny the debtors' motion on this basis alone.

■ The second basis upon which the Court must deny the debtors' motion is that of laches. If the Court were to permit the debtors to invoke section 522(f) at this point, the Court would need to hold a valuation hearing. At such a hearing, in order for the debtors to demonstrate that the lien imparied their exemption, they would have to establish that at the time of filing (August 24, 1981), their home was worth $41,-400.00 or less.[1] If the creditor could establish that the home was worth over $41,-400.00, the creditor's lien would attach to the excess without impairing the debtors' exemption. If the creditor could establish the value at or over $43,400.00, then the entire lien would not impair their exemption.

If such a hearing were to take place, the creditor would be unfairly prejudiced by reason of the untimeliness of the debtor's motion. Real property appraisal is by its nature an inexact science, consisting of estimates and opinions; its accuracy necessarily deteriorates when used to determine the value of property in years past. Furthermore, when the case rests upon the fine determination of whether the house was worth $41,400.00 or $43,400.00, the aid that appraisals can offer the Court becomes minimal indeed. In essence, the rights of this creditor would rest upon little more than a guess, to wit, that over two years ago the property was worth either $41,400.00 or $43,400.00. Under these circumstances, the Court would be unable to protect the rights of the creditor due to the delay of the debtors in bringing this action. The doctrine of laches should thus be invoked and the debtors' motion denied. *See Noble v. Yingling,* 29 B.R. 998, 8 C.B.C.2d 1188, 1193 (D.Del.1983) ("The longer a debtor delays in exercising his rights under the Code, the more vulnerable he becomes to laches being invoked. A debtor's delay of excessive duration may cause such prejudice to the creditor as to make allowance of the lien avoidance complaint inequitable.") Laches is an equitable doctrine requiring the Court to consider all of the relevant circumstances. No showing has been made by the debtors of extenuating circumstances or other justifiable excuse for their delay. *See In re Coomes,* 20 B.R. 290, 292 (Bankr.W.D.Ky.1982).

The debtors' motion is hereby denied.

Settle Order.

---

1. The mortgagee's claim was for $27,000.00 and the debtors jointly claimed $14,400 as a real property exemption. Thus if the house was worth more than the total, the debtors would have non-exempt equity on which the lien could attach.