**In re Stephen A. VITULLO and Tina Marie Vitullo, Debtors.**

**Civ. A. No. 85–2179.**

United States District Court,
D. New Jersey.

March 18, 1986.

Hoffman, DiMuzio, Hoffman & Marcus by Scott H. Marcus, Woodbury, N.J., for appellees Stephen A. Vitullo and Tina Marie Vitullo.

Farr, Wolf, Rizzi & Lyons, P.C. by William G. Wright, Bellmawr, N.J., for appellant Heritage Bank, N.A.

OPINION

GERRY, District Judge.

The instant appeal by Heritage Bank, n.a., arises from an order entered in the United States Bankruptcy Court for the District of New Jersey on April 11, 1985. This order cancelled two liens of Heritage Bank against the debtors which had been created by judgments obtained in the Superior Court of New Jersey. Heritage Bank contends that the decision of the court below to grant the debtors' motion to avoid the judgment liens constituted an error of law.

The background history of this appeal can be succinctly stated. On June 12, 1980, judgment was entered in the Superior Court of New Jersey in favor of Heritage Bank, n.a., and against Stephen A. Vitullo in the amount of $5,836.17, plus costs of $100.00. On February 13, 1981, a second judgment was entered in the Superior Court of New Jersey in favor of Heritage Bank and against Stephen A. Vitullo. This judgment was in the amount of $5,917.84. Under New Jersey law, these final judgments for a sum certain became liens upon all real property owned by the judgment debtor and located within the state. N.J. S.A. 2A:16–1; *In Re Blease*, 605 F.2d 97, 98 (3d Cir.1979). Therefore, at the time these judgments were entered, Heritage Bank held a lien against the marital residence of the Vitullos, 190–J Highland Avenue, Williamstown, New Jersey.

On January 22, 1982, the debtors, Stephen A. Vitullo and Tina Marie Vitullo, filed a petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 1701 *et seq.*, with the United States Bankruptcy Court for the District of New Jersey. Mr. and Mrs. Vitullo received their discharge on June 11, 1982.

By deed dated April 18, 1984 and recorded on April 29, 1984, Mr. and Mrs. Vitullo conveyed all of their right, title and interest in and to the property known as 190–J Highland Avenue, Williamstown, New Jersey, to Thomas J. Ensman and Brenda E. Ensman, his wife. The judgment liens of

Heritage Bank, n.a., were not satisfied at the time of the conveyance. The deed does not purport to reserve any legal or equitable rights to the debtors.

In July of 1984, Heritage Bank procured the issuance of writs of execution on each of the aforementioned judgments. The writs were delivered to the Sheriff of Gloucester County with instructions to levy on the property.

This matter came before the court below on a motion filed by the debtors on August 27, 1984, for an order reopening the debtors' case and avoiding the judgment liens of Heritage Bank pursuant to 11 U.S.C. § 522(f)(1). The bankruptcy court heard oral argument on October 4, 1984 and took the matter under advisement. On December 6, 1984, the Honorable Emil F. Goldhaber, U.S.B.J., entered an order granting the first part of the debtors' motion and reopening the case. Appellant does not contest the entry of this order. On April 11, 1985, Judge Goldhaber entered an order avoiding and cancelling the lien of appellant, thereby granting the second portion of the debtors' motion. It is from this portion of the order that Heritage appeals.

In support of the second portion of their motion before the bankruptcy court, the debtors argued that the liens could be avoided under 11 U.S.C. § 522(f)(1) because they were judicial liens which impaired an exemption to which the debtors would otherwise be entitled. More specifically, debtors contended that they were entitled to an exemption in the amount of $11,403.35 on their residential real property under § 522(d)(1). The bankruptcy court concurred in the debtors' reasoning and granted the requested relief. Appellant Heritage Bank maintains that this ruling must be reversed as it is contrary to law.

The essence of Heritage Bank's arguments both below and on appeal is that the debtors lack the requisite standing to make their application for relief. Heritage Bank argues that before a judicial lien may be avoided under § 522(f)(1), three conditions must be satisfied. First, the lien of the creditor must be against an interest of the debtor in the property. Second, the lien must impair an exemption to which the debtor would otherwise be entitled. Third, the lien must be a judicial lien. *Elsner v. Aman Collection Service, Inc. (In re Elsner)*, 35 B.R. 115, 116–17 (Bankr.D.S.D. 1983); *In Re Thomas*, 32 B.R. 11, 12 (Bankr.D.Or.1983); *Wicks v. Wicks (In Re Wicks)*, 26 B.R. 769, 770 (Bankr.D.Mn. 1982), *aff'd, sub nom. In Re Boyd*, 31 B.R. 591 (D.Mn.1983). Heritage Bank states that in the present case the first condition—that the lien be against an interest of the debtor in the property—has not been met. The debtors no longer have any legal or equitable interest in the property, the argument continues, because they conveyed the property to Mr. and Mrs. Thomas J. Ensman by deed dated April 18, 1984. This deed does not purport to reserve any legal or equitable rights to the debtors. Furthermore, in the affidavits filed in connection with the motion, debtors do not claim to have any such right in the property.

The bankruptcy court, while remarking that "the points raised by the bank are well noted," (op. at 2), nonetheless decided to grant the movant's request. The court relied on the opinion in *Matter of Clifton*, 35 B.R. 785 (Bankr.N.J.1983), which had permitted the movant to avoid a judicial lien where the lien had a bearing on the exemptions permitted to the debtors. The court below found that the failure of the debtors to avoid the liens while their bankruptcy petition was pending should not be a bar to permitting them to exercise the exemption now, absent some showing that this failure was done with intent to defraud or commit harm to the lienholder (op. at 3).

There is support for the court's conclusion that an application for avoidance of a judicial lien need not be made during the pendency of the bankruptcy petition. *Noble v. Yingling*, 37 B.R. 647 (D.Del.1984); *Matter of Serafini*, 30 B.R. 606 (Bankr.W. D.Pa.1983), *aff'd*, 41 B.R. 880 (W.D.Pa. 1984); *Rheinbolt v. Credit Thrift of America, Inc.*, 24 B.R. 167 (Bankr.S.D.Ohio 1982). Each of these cases stands for the

proposition that a debtor may petition the court to avoid a judicial lien even after his discharge has been received. Thus, the fact that the Vitullos received their discharge in 1982 is immaterial. However, none of these cases, nor any other case urged by the appellees, nor the *Clifton* case relied upon by the court below, addresses the situation which confronts this court: namely, whether a debtor may avoid a judicial lien *after he has transferred title* to the property which was subject to that lien. The court below apparently believed that the transfer of title did not have any effect on its decision whether or not to grant the relief. The court reasoned that if the debtors had promptly exercised their rights at the time of the pendency of their bankruptcy petition, their application to avoid the judicial liens would no doubt have been granted. Since the bank would not be placed in a position any different than if the application had been filed earlier, the court concluded, the failure to move timely should not be held against the debtors. The court therefore granted the motion to avoid the liens.

Even assuming that the bankruptcy court would have granted the motion had it been filed earlier, this court believes that the decision to do so *after* the debtors had conveyed the real property was improper. Once the conveyance had taken place, the liens were no longer against an "interest of the debtor in the property." *Elsner, supra,* at 116. The judicial liens passed with the property when it was conveyed to Mr. and Mrs. Ensman. *Furnival Machinery Co. v. King,* 142 N.J.Super. 251, 361 A.2d 91 (App.Div.1976). *See also* 46 Am.Jur.2d Judgments § 296. Thus, one of the conditions for avoidance of a federal lien set out in *Elsner* could not be met. As a result, the debtors no longer have standing to request cancellation of the debts.

The court notes that there has been no suggestion made that the conveyance to the Ensmans was invalid. The Vitullos claimed their residence as exempt property in their bankruptcy petition. They received their discharge in June of 1982. Once they had been discharged, the debtors could con-

vey title to real property as if they had not gone into bankruptcy. 12 N.J. Practice § 1103. Furthermore, it is clear that the discharge itself did not cancel the lien against the property since the effect of a discharge is only to relieve the bankrupt of *personal* liability. 1A Collier on Bankruptcy § 17.29. Therefore, by operation of law, the judicial liens passed with the property to the Ensmans.

For all these reasons, the court finds that the court below erred in concluding that the Vitullos were in a position to petition for avoidance of the judicial liens held by Heritage Bank, n.a. The bankruptcy court should have denied the requested relief on the grounds that the Vitullos no longer owned the property that is subject to the liens. The decision of the bankruptcy court will therefore be reversed. An appropriate order has been entered.