**In the Matter of Wilma I. RIDDELL, Debtor.**

**Wilma I. RIDDELL, Plaintiff,**

v.

**N.C.R. UNIVERSAL CREDIT UNION, Defendants.**

No. 1–86–01806.

United States Bankruptcy Court, S.D. Ohio.

Feb. 24, 1989.

Stephen C. Crowe, Milford, Ohio, for plaintiff.

David S. Levine, Cincinnati, Ohio, for defendants.

DECISION AND ORDER

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court pursuant to the debtor's motion to avoid the fixing of a judicial lien and N.C.R. Universal Credit Union, Inc.'s, ("NCR") objection. The property at issue is located at 5855 Ivy Hill Road, Hillsboro, Highland County, Ohio. A hearing was held on January 25, 1989.

The Court ordered the case reopened on January 6, 1989 to allow the debtor to file the above motion. NCR agrees to the reopening of the case for the sole purpose of having this Court determine whether the Debtor may avoid a judicial lien on real estate which she formerly owned. *See,* 11 U.S.C. § 522(f)(1).

We hold that the debtor may not avoid NCR's judicial lien.

The Court makes the following findings of fact and conclusions of law:

1. On September 11, 1981, NCR was granted a money judgment against the Debtor and her then husband, Warren A. Riddell;

2. On November 5, 1981, NCR filed its Certificate of Judgment in the Highland County Court of Common Pleas. (*See*, Volume 2, page 299 of the Records of the Recorder of Highland County, Ohio);

3. On July 2, 1985, the Certificate of Judgment held by NCR was renewed by a filing in Volume 2, Page 564 of the Records of the Highland County Clerk;

4. On December 30, 1985 NCR commenced a foreclosure proceeding to enforce its Certificate of Judgment and a separate mortgage which it held on a vacant lot adjacent to the real estate then owned by the Debtor and her then husband;

5. On May 30, 1986, Debtor, without her husband, filed a Chapter 7 case in this Court;

6. On September 26, 1986, Debtor was granted her discharge from this Court. Prior to that time, Debtor had not taken any action to avoid the judgment lien of NCR despite the fact that there was a pending foreclosure proceeding when the Chapter 7 petition was filed;

7. On May 18, 1987, Debtor recorded a Quit Claim Deed from her ex-husband and his new wife for all of the aforementioned real estate conveying the property to the Debtor. The deed is dated December 24, 1981 but the Debtor testified that she did not file it until she wanted to sell the property;

8. On May 21, 1987, Debtor, in an arms length transaction, sold her residential real estate (not including the adjacent lot) to a person known as Nancy Greene for a gross selling price of $21,500. A title search did not uncover the existence of NCR's judicial lien.

9. On March 18, 1988, Nancy Greene sold the real estate to Joseph F. Parsons and Koneta J. Parsons for value in an arms length transaction. Koneta Parsons is the emancipated daughter of the Debtor;

10. On July 25, 1988, NCR was granted a judgment against the Debtor ordering that the real estate be sold at sheriff's sale. That judgment entry was endorsed by Jon C. Hapner, who represented that he was the attorney for the Debtor. The Debtor stated at the hearing that she knew nothing about the entry;

11. The subject real estate was set for sale by the Sheriff of Highland County, Ohio on January 9, 1989 at 10:00 a.m. On the preceding Friday, January 6, 1989, Debtor filed her Motion to Reopen this case and was granted a temporary restraining order preventing the Sheriff from selling the real estate at the scheduled sale. Debtor has now filed a separate Motion to Avoid Judicial Lien of NCR;

12. This Court notes that there are two distinct parcels of land involved in this proceeding. The first parcel, known as Lot 9 of Ivy Hills Subdivision in Liberty Township, Highland County, Ohio is the real estate upon which a separate residence is located and upon which NCR has the lien. Lot 8, adjacent to Lot 9, is a vacant lot still owned by the Debtor but upon which NCR has a valid and subsisting first mortgage. Therefore, Debtor's motion affects only Lot 9, that being the real estate upon which a residence is located.

We are persuaded by the case law cited in NCR's memorandum. In other words, the Debtor must own the property at the time of the lien avoidance in order to avail herself of the remedy in 11 U.S.C. § 522(f)(1). *In re Vitullo*, 60 B.R. 822 (D.N.J.1986); *In re Carilli*, 65 B.R. 280 (Bankr.E.D.N.Y.1986); *In re Montemurro*, 66 B.R. 124 (Bankr.E.D.N.Y.1984).

11 U.S.C. § 522(f)(1) provides as follows:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien; ...

In the *Vitullo* case, the debtor was also seeking to reopen a closed bankruptcy case in order to avoid a judicial lien. In addition, as in the instant case, the debtor had conveyed the property to a third party.

The bank holding the judicial lien argued as follows:

before a judicial lien may be avoided under § 522(f)(1), three conditions must be satisfied. *First,* the lien of the creditor must be against an interest of the debtor in the property. *Second,* the lien must impair an exemption to which the debtor would otherwise be entitled. *Third,* the lien must be a judicial lien. *Vitullo,* at 823 (citations omitted) (emphasis added)

The Debtor must pass all three criteria in order to avoid the judicial lien. The Debtor no longer has an interest in the property. She therefore lacks standing to avoid the lien and fails the first criterion. The Debtor also fails the second criterion because the lien does not impair an exemption to which the Debtor is entitled. As counsel for NCR pointed out at the close of the hearing, the Debtor only had a one half interest in the property at the time of her bankruptcy discharge because she had not yet filed her quit claim deed giving her full title. The property sold for $21,500. If we divide that by two because of her one half interest we have $10,750 of property value for the Debtor. The first mortgage to Farmers' Home Administration was approximately $14,500. $10,750 minus $14,-500 leaves a negative balance. Thus, there is no exemption to impair because the balance is negative.

The Debtor's counsel argued that Ohio Rev.Code Ann. § 2329.66(C) is controlling. Section 2329.66(C)(1) provides as follows:

(C) For purposes of this section, "interest" shall be determined:

(1) In bankruptcy proceedings, as of the date a petition is filed with the bankruptcy court commencing a case under Title 11 of the United States Code;

It is undisputed that the Debtor had an interest in the property at the time of her bankruptcy petition. The lien could have been avoided at that time or as case law dictates, the case could be reopened to avoid a judicial lien if the Debtor still owned the property. *In re Costello,* 72 B.R. 841 (Bankr.E.D.N.Y.1987).

The Debtor's attorney cited the case of *In re Brennan* 71 B.R. 706 (Bankr.E.D.Pa. 1987) for the proposition that a judgment lien could be avoided even if the property had been conveyed away. *Brennan* does not stand for that proposition at all and is wholly distinguishable.

In *Brennan* an assumpsit. lien merged with two judicial liens which were discharged during the pendency of the bankruptcy. The assumpsit lien was not discharged during the bankruptcy. The Court specifically held that the assumpsit lien was only dischargeable to the extent it was based on the same notes which were the basis of the judicial liens. *Id.* at 711.

For the reasons stated herein we find that the debtor cannot avoid NCR's lien. The Debtor and the present owners of the property must pursue their remedies in other courts. We sympathize with the Debtor's plight and that of her daughter and son-in-law. Unfortunately, the aforementioned law dictates our decision.

NCR may recover its actual out-of-pocket costs incurred by virtue of the Temporary Restraining Order stopping the sale. NCR should submit an affidavit within 2 weeks.

IT IS SO ORDERED.