**In re Edward E. KUDRNA and Julianna E. Kudrna, Debtors.**

**Edward E. Kudrna and Julianna E. Kudrna, Plaintiffs,**

**The Credit Bureau, Incorporated of Georgia dba CBI Collections, Statewide Collections, Inc. and Land Title and Escrow, Inc., Defendants.**

Bankruptcy No. 93–01830.
Adv. No. 94–6276.

United States Bankruptcy Court,
D. Idaho.

Nov. 4, 1994.

Kevin M. Rogers, Jerome, ID, for plaintiffs.

Michael B. Howell, Boise, ID, for defendant CBI Collections.

William A. Parsons, Parsons, Smith, Stone & Fletcher, Burley, ID, for defendant Land Title and Escrow, Inc.

Terry Lee Johnson, Twin Falls, ID, for defendant Statewide Collections, Inc.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

*Background.*

The following undisputed facts appear in the record. In October of 1987 Plaintiffs Edward and Julianna Kudrna purchased a mobile home and the real property upon which it was located. Between January of 1990 and June 23, 1993, the date Plaintiffs filed for Chapter 7 relief, several judgments were obtained by creditors and recorded as liens against Plaintiffs' property. The judgments were entered in favor of Defendant Statewide Collections, Inc. ("Statewide") for $333.01 and Defendant CBI Collections ("CBI") for $706.50 and $1,057.29. Plaintiffs claimed a homestead exemption in the property in their bankruptcy case, to which claim no objection was filed. Plaintiffs received a discharge on September 20, 1993 and the case was closed on that same day. Plaintiffs did not attempt to avoid Defendants' judicial liens while the case was pending.

On January, 28, 1994, Plaintiffs entered into a contract to sell the mobile home and land to a third party. On February 18, 1994, a closing was held at the office of Defendant Land Title and Escrow in Jerome, Idaho ("Land Title"). The purchase price of the property was $23,900. The judicial liens of Statewide and CBI were paid by Land Title from the sale proceeds and released, to which payments Plaintiffs consented. After satisfaction of mortgages, liens, taxes and fees, Plaintiffs received only $280.16 from the sale of the property.

Thereafter, upon motion by Plaintiffs, their bankruptcy case was reopened and the present adversary proceeding was filed. Plaintiffs' Complaint seeks to avoid the judicial liens of Statewide and CBI under Section 522(f)(1) of the Bankruptcy Code, and money judgments against each for the amounts paid on the judicial liens from the sale of the home. Plaintiffs also seek a judgment against Land Title for improperly disbursing the funds to Statewide and CBI.

■ The action is now before the Court on cross motions for summary judgment by all parties. Disposition of the issues hinges on whether Plaintiffs may properly avoid the judicial liens at this point in time.

*Disposition of the Issues.*

Section 522(f)(1) of the Bankruptcy Code provides:

**§ 522. Exemptions.**

. . . .

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    (1) a judicial lien;

. . . .

Statewide and CBI do not dispute that Plaintiffs could have avoided their judicial liens had Plaintiffs properly sought to do so before the case was closed, the property sold and payments made to satisfy the liens. The creditors do contest Plaintiffs' right to relief under these facts, though.

Admittedly, this Court has permitted other debtors to reopen their bankruptcy cases after closing and then have allowed the avoidance of judicial liens on the exempt property of those debtors. *In re Atchley,* 89 I.B.C.R. 145. Here, the Court granted Plaintiffs' motion to reopen, but the issue is whether the liens may be avoided under the Code after they have been paid.

Other courts have addressed similar issues. *In Matter of Riddell,* 96 B.R. 816 (Bankr.S.D.Ohio 1989), the debtor sold her homestead after she received a discharge in Chapter 7 but before attempting to avoid a judicial lien on the property. When the judgment lien creditor sought to collect on its judgment, the debtor reopened the bankruptcy case and moved to avoid the creditor's judicial lien. The court held that in order to avoid the lien three conditions must be satisfied: (1) the lien of the creditor must be against an interest of the debtor in the property; (2) the lien must impair an exemption to which the debtor would otherwise be entitled; (3) the lien must be a judicial lien. *Id.* at 818, *citing In re Vitullo,* 60 B.R. 822, 823

(D.N.J.1986). The Court did not allow avoidance of the lien holding that since the debtor no longer had an interest in the property she lacked standing to avoid the lien pursuant to the first criterion. *Id., see also In re Carilli,* 65 B.R. 280, 283 (Bankr.E.D.N.Y.1986); *Vitullo,* 60 B.R. at 824. In addition, the court held that debtor failed to meet the second criterion because the lien did not impair an exemption to which the debtor was entitled, because, again, Debtor no longer owned the property. *Id.*

■ The Court agrees with the reasoning of this line of cases and would find that Plaintiffs cannot avoid liens in property if they no longer have an interest in the property. However, here Plaintiffs remind the Court that under Idaho Code § 55–1008,[1] not only was their property exempt, but the proceeds of the voluntary sale of the homestead are exempt for one year from receipt. Because of this, they argue that the three elements discussed above would be met. The Defendants' liens were judicial; the liens were asserted against an Plaintiffs' interest in the sale proceeds; and the liens impaired an exemption in the proceeds to which they would have been entitled.

Unfortunately, in this case the undisputed facts do not support Plaintiffs' argument. At the time the bankruptcy case was reopened and this adversary proceeding commenced, the proceeds from the sale had already been disbursed to the lien creditors, and the liens extinguished. Plaintiffs had no interest in the proceeds at that time, and therefore under the case law and analysis discussed above, had no continuing right to avoid any liens.

Plaintiffs argue that they were improperly advised of their continuing right to avoid the liens at the time of closing by Land Title, and that they did not knowingly consent to the satisfaction of the liens from the proceeds. Land Title contends it followed the written instructions of Plaintiffs to close the transaction, that its employees did not improperly inform Plaintiffs, and Plaintiffs were fully aware that a portion of the proceeds would go the judgment creditors.

■ The Court need not decide this question of fact. Apart from the fact that Plaintiffs' allegation contravenes the written closing documents they signed at the time, it makes no difference as to their right to pursue the lien creditors in this Court. While their allegations against Land Title may possibly be grounds for an action in state court for damages, they have no significance to the bankruptcy law issues now before the Court. To the extent Plaintiffs have rights against Land Title, it is not dependent on bankruptcy law for its resolution, but is rather founded on state law, and this Court would decline to entertain the action pursuant to 28 U.S.C. § 1334(c)(1) and the factors set forth in *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166–67 (9th Cir.1990).

The Court finds that there are no genuine issues of material fact relevant to the issues before the Court and summary judgment is appropriate. F.R.B.P. 7056. For these reasons, the Court will by separate order and judgment grant the Defendants' Motions for Summary Judgment and deny Plaintiffs' Motion for Summary Judgment. This judgment is without prejudice to Plaintiffs' rights, if any, to pursue Defendant Land Title in another proper forum with respect to whether its disbursement of the sale proceeds was properly authorized.

---

1. **55–1008. Homestead exempt from execution—When presumed valid.**—(1) Except as provided in section 55–1005, Idaho Code, the homestead is exempt from attachment and from execution or forced sale for the debts of the owner up to the amount specified in section 55–1003, Idaho Code. The proceeds of the voluntary sale of the homestead in good faith for the purpose of acquiring a new homestead, and proceeds from insurance covering destruction of homestead property held for use in restoring or replacing the homestead property, up to the amount specified in section 55–1003, Idaho Code, shall likewise be exempt for one (1) year from receipt, and also such new homestead acquired with such proceeds.