**In re Ralph M. SIZEMORE, Linda Sizemore, Debtors.**

**Bankruptcy No. 92–60305.**

United States Bankruptcy Court,
E.D. Kentucky,
Corbin Division.

Jan. 30, 1995.

Joe T. Roberts, London, KY, for debtors.

Darrell Saunders, Corbin, KY, for Laurel Warehousing Co.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the debtors' Motion to Reopen and Motion to Avoid Lien, filed herein on April 18, 1994. The case was closed on November 20, 1992. The debtors filed their Motions for the purpose of avoiding a lien of Laurel Warehousing Company ("Laurel"), a creditor of the debtors. The case was reopened by Order dated May 25, 1994. Laurel filed a Response and Objection to the Motion to Avoid Lien. The Motion and Response and Objection were heard on December 15, 1994, and the matter was submitted for decision on January 3, 1995.

Laurel states that the lien which the debtors seek to avoid is an execution lien created by a March 10, 1988, judgment for recovery by Laurel of the sum of $15,127.14 from debtor Ralph Sizemore. The judgment was granted in an action styled *Laurel Warehousing Company v. Ralph Sizemore,* Laurel Circuit Court Action No. 84–CI–482. A Notice of Execution against all of Ralph Sizemore's real property was filed on March 22, 1989, and appears of record in Encumbrance Book 21, at page 239, in the Laurel County Court Clerk's office. Copies of the judgment and execution have not been placed in the record herein, nor have the judgment and execution been listed on any of the debtors' schedules.

The lien which the debtors seek to avoid is on a 60 acre tract in Laurel County in which each of them had a one-fourth interest. They sold the tract in December 1993, and when the purchasers attempted to borrow money against the property, Laurel's execution lien was revealed to them. Laurel maintains that the debtors lack standing to reopen the case to avoid the lien because they did not do so until *after* they sold the property.

Case law appears to support Laurel's position. They cite *In re Carilli,* 65 B.R. 280 (Bkrtcy.E.D.N.Y.1986), a case with a similar fact pattern, in which the court held that "... the debtor must have a present cognizable interest in the property for her to have standing to move the court pursuant to section 522(f)." At page 282. The court came to this conclusion after analyzing the language of 11 U.S.C. § 522(f) which states in pertinent part:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien *on an interest of the debtor in property* to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this subsection, if such lien is (1) a judicial lien.... (Emphasis added).

The court's conclusion was based on what it characterized as the "plain meaning" of the phrase "an interest of the debtor in property."

The court in *Matter of Riddell,* 96 B.R. 816 (Bkrtcy.S.D.Ohio 1989), also dealt with a case in which the debtor sought to reopen a closed case to avoid a lien on property she had sold to third parties, and held in a similar manner that "... the Debtor must own the property at the time of the lien avoidance in order to avail herself of the remedy in 11 U.S.C. § 522(f)(1)." At page 817. The debtors herein sold the subject property in December 1993, and moved to avoid Laurel's lien almost a year later. Clearly, the reasoning of *Carilli* and *Riddell* applies to them as well.

Based on the foregoing, it is the opinion of this Court that the debtors' Motion to Avoid Lien should be overruled.