In re Thomas Kai–Ming CHIU; Linda Luk Chiu, Debtors.

Culver, LLC, Appellant,

v.

Thomas Kai–Ming Chiu; Linda Luk Chiu, Appellees.

BAP No. CC–00–1339–MAPB.

Bankruptcy No. SA 95–17494 JB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 22, 2001.

Filed Aug. 23, 2001.

James A. Hayes, Ashworth, Hayes & Moran, Laguna Niguel, CA, for Culver, LLC.

Halli B. Heston, Heston & Heston, Newport Beach, CA, for Thomas Kai–Ming Chiu and Linda Luk Chiu.

Before: MARLAR, PERRIS, and BRANDT, Bankruptcy Judges.

## OPINION

MARLAR, Bankruptcy Judge.

### INTRODUCTION

The bankruptcy court avoided the lien of Culver, LLC ("Culver") on the debtors' former homestead property, which had been voluntarily sold to a third party before the reopening of the debtors' bankruptcy case. The bankruptcy court ruled that such lien avoidance related back to the date of the filing of the bankruptcy petition. Culver appeals, and contends that the plain language of § 522(f)(1)[1] required the debtors to have an ownership interest in the homestead property at the time that they filed the motion to avoid the lien. We AFFIRM.

### FACTS

When the debtors filed a chapter 7 petition on July 25, 1995, they owned a residence on which they claimed an unopposed homestead exemption. The debtors had also recorded a declaration of homestead.

---

1. Unless otherwise indicated, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

According to the debtors' bankruptcy schedules, the homestead property was worth $220,000 and was encumbered by a first mortgage in the amount of $190,000 in favor of Weyerhaeuser Mortgage Co., and by a judgment lien in favor of Heritage Square ("Heritage") in the approximate amount of $48,000. Culver is the successor-in-interest to Heritage. The debtors did not take any action to avoid the Heritage/Culver lien during the bankruptcy case. The debtors received their discharge, and the case was closed in December 1995.

In December of 1999, the debtors sold their residence to a third party, and a Grant Deed was recorded on January 14, 2000. It was undisputed that the lien passed with title to the property, and did not attach to the proceeds. *See* Cal.Civ. Proc.Code § 697.390(a). However, in order to permit closing and deliver clear title to their buyers, the debtors allowed proceeds sufficient to cover the Culver lien to be retained in escrow.[2]

On January 20, 2000, the debtors filed (1) a motion to reopen their chapter 7 case and (2) a motion to avoid Culver's lien on the residence. The bankruptcy court reopened the case on February 18, 2000.[3]

The debtors did not disclose, in the lien avoidance motion, that they had sold the residence one month prior to filing the motion. The court learned about the sale from Culver's attorney at a March 22, 2000 hearing, when the debtors admitted that the property had been sold. The debtors argued, however, that the sale was irrelevant because federal law controlled, and that all determinations were to be made as of the petition date, when the debtors owned the property. Culver objected to the debtors' standing to bring the motion since they no longer owned the property. The bankruptcy court then continued the hearing for further briefing on the issue of the debtors' standing.

On April 21, 2000, the debtors filed an amended motion seeking to avoid the Culver lien on the real property and/or the sale proceeds. They attached a copy of the Grant Deed, which indicated the involvement of Orange Coast Title Co. and the existence of the escrow account. The debtors argued that they had standing to avoid the lien because they still had an economic interest in the homestead property by virtue of its mutation into proceeds.

At a hearing held on May 24, 2000, the bankruptcy court did not make any findings regarding the characterization of the proceeds, but ruled that the debtors had proved their standing to avoid the Culver lien, as well as the right to urge impairment of their homestead exemption under federal law, which determines impairment as of the time of the bankruptcy filing. The bankruptcy court followed the reasoning of *In re Herman,* 120 B.R. 127 (9th Cir. BAP 1990), and held that, in the Ninth

---

**2.** Although the bankruptcy court did not make findings related to the proceeds, it was undisputed that the property was sold for $287,000. Thus, the sale price was $67,000 higher than the estimated $220,000 fair market value of the property at the time of the bankruptcy. In addition, the Grant Deed indicated the existence of an escrow account. The debtors have stated, and Culver does not contradict, that the escrowed funds were to be used to pay off Culver if its lien were not avoided.

**3.** There is no deadline for bringing a motion under § 522(f)(1), as long as the bankruptcy case is open or reopened for that purpose. *See* Fed. R. Bankr.P. 4003(d). Nevertheless, Culver argued before the bankruptcy court that the doctrine of laches barred the debtors' motions. The bankruptcy court found that Culver had not been prejudiced by the five-year delay, and Culver has not raised the issue of laches on appeal.

Circuit, "a debtor may file a motion to avoid a judicial lien notwithstanding the fact that he has disposed of the property claimed exempt post-petition because the nature and extent of a debtor's rights are determined as of the date of the petition."

Then, applying the statutory formula, the bankruptcy court determined that the Culver lien was avoidable in its entirety because it impaired the debtors' homestead exemption. The judgment was entered on May 25, 2000, and Culver timely appealed.

## ISSUES

The issues are (1) whether the debtors have standing, and (2) whether § 522(f) provides for the avoidance of a judicial lien on homestead property which has been sold, postpetition, to a third party.[4]

## STANDARD OF REVIEW

■■ Standing is a jurisdictional issue which is reviewed *de novo*. *In re Am. Eagle Mfg., Inc.*, 231 B.R. 320, 327 (9th Cir. BAP 1999) (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994)). The application of § 522(f) is statutory construction, which is reviewed *de novo*. *In re Pike*, 243 B.R. 66, 69 (9th Cir. BAP 1999).

## DISCUSSION

Section 522(f)(1) provides, in pertinent part, that a debtor:

[M]ay avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have

been entitled under subsection (b) of this section, if such lien is

(A) a judicial lien. . . .

11 U.S.C. § 522.

■■ Section 522(f)(1) is part of the provisions dealing with property exemptions in bankruptcy. It provides that a debtor may set aside certain property as exempt from creditors' claims. *See* 4 COLLIER ON BANKRUPTCY §§ 522.01, 522.11 (15th ed.2001). It is well-established that § 522 is to be interpreted liberally in favor of debtors in order to facilitate their "fresh start." In addition, all parts of a statute are to be read as a whole, and in harmony with one another. *Kelly v. Robinson*, 479 U.S. 36, 43, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986); *In re Hougland*, 886 F.2d 1182, 1184 (9th Cir.1989) (citing *Davis v. Mich. Dept. of Treas.*, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989)).

■■ Lien avoidance is governed by federal, not state law. However, state law determines the extent of a debtor's property interest. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) (in bankruptcy, property interests are determined by state law unless expressly stated otherwise); *In re Catli*, 999 F.2d 1405, 1406 (9th Cir.1993). "[U]nder § 522(f)(1), a debtor may avoid a lien if three conditions are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien." *Id.* The debtors have the burden of demonstrating that they are entitled to avoid Culver's lien. *Id.*

---

4. Both parties frame the issue as whether the debtors had a "right" to avoid Culver's lien pursuant to the statute. This argument goes to the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 91, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In this case, the consequences of a disposition based on the merits do not differ from those based on statutory standing, and the two issues overlap. Moreover, constitutional standing must be addressed before we discuss the merits. *See id.* at 93–102, 118 S.Ct. 1003.

Culver contends that the first requirement of the "fixing of a lien on an interest of the debtor in property" was not met because a plain reading of § 522(f)(1) required the debtors to have an interest in the homestead property at the time they filed the motion to avoid the lien. Culver further contends that the second requirement, of exemption impairment, was not met because once the debtors sold the property, their homestead exemption was no longer impaired.

The debtors argue that the bankruptcy court correctly determined that they had standing and that their lien avoidance rights related back to the petition date. Thus, they maintain that a postpetition sale is an immaterial fact.

## I. Do the Debtors Have Standing?

■■■ The debtors must have standing in order to invoke federal jurisdiction and obtain relief from the bankruptcy court. Standing has both constitutional and prudential dimensions. *Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 61 (9th Cir.1994); *McMichael v. County of Napa*, 709 F.2d 1268, 1269 (9th Cir. 1983) (plaintiff must establish prudential standing in addition to the constitutional requirements).

## A. Constitutional Standing

■■■ For constitutional standing, the debtors must allege an actual or imminent personal injury, which is fairly traceable to the alleged unlawful conduct, and which is likely to be redressed by the requested relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Allen v. Wright*, 468 U.S. 737, 751–52, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999) (for constitutional standing, a party must "prove an injury in fact under Article III"). Constitutional standing involves asking whether the debtors have " 'alleged such a personal stake in the outcome of the controversy' as to warrant [their] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [their] behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (citation omitted). Thus, Article III standing reflects the limitation of the judicial power to actual cases and controversies. *See Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

Debtors who have sold homestead property postpetition may still have constitutional standing to use § 522(f) if, absent avoidance, the sale proceeds would be applied to pay off a lien that previously impaired their homestead exemption. The loss of the economic benefit of the homestead exemption which they had on the date of the bankruptcy filing is the "personal stake" that supports the debtors' use of the federal court to obtain relief.

The first question, then, is whether at the time they requested lien avoidance, the debtors had an economic interest that could be protected by the bankruptcy court. The debtors alleged, and it was undisputed, that on the petition date they owned their homestead property, that it was encumbered by Culver's judicial lien, and that such lien impaired their homestead exemption. Following the sale of their homestead property, sufficient sale proceeds were sequestered to cover the lien and permit closing. Although the debtors no longer owned the homestead property, they nonetheless had an economic interest in the sale proceeds that were being held in escrow pending the lien avoidance action.

The debtors' economic interest in the proceeds would be negatively impacted if the lien were not avoided because the

debtors had continuing warranty obligations to their buyers under the Grant Deed. Whenever a grant deed is executed which conveys property in fee simple, unless the deed includes an express exception (which this deed did not), the grantor impliedly covenants that such estate is free from any encumbrance. 8 MILLER & STARR, CAL. REAL ESTATE § 8:5 (3d ed.2000).[5] If funds sufficient to satisfy the lien had not been set aside, the debtors would be liable to their buyers for breach of their warranty, and would have been required to use the segregated proceeds to pay the Culver lien in full. Subjecting the debtors to such an action would, in the circumstances here, adversely impact their fresh start. Therefore, because the debtors could suffer a monetary injury, we hold that the debtors had constitutional standing to seek avoidance of Culver's lien.

### B. Prudential Standing

■ Prudential limitations on standing comprise the other component of the standing doctrine, which arguably is at issue here. One of these judicially imposed limitations is the requirement that the debtors assert their own rights, rather than relying on the rights or interests of a third party. *Warth*, 422 U.S. at 499, 95 S.Ct. 2197.

Culver contends that the debtors cannot claim rights concerning property which they do not own. We disagree. The debtors asserted their own rights in this proceeding because they owned the property on the date of filing, and it was their exemption that was impaired. Thus, they are not relying on the rights of a third party, such as a buyer, in their efforts to avoid the lien. They are acting to further their own economic interest.

■ Another prudential limitation is that the debtors must allege an interest that is arguably within the zone of interests protected or regulated by the statute in question. *Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1057 (9th Cir. 1996). The "zone of interests" requirement is analogous to "statutory standing." *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 669 n. 13 (7th Cir.1998) (citing *Bennett v. Spear*, 520 U.S. 154, 162–63, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)); *In re Pointer*, 952 F.2d 82, 85–86 (5th Cir.1992); *In re Ring*, 178 B.R. 570, 575–76 (Bankr. S.D.Ga.1995).

In this case, the issue of statutory standing co-exists with the consideration of the merits of the debtors' cause of action. Therefore, the second question we examine is whether there was statutory authority to avoid the Culver lien under these circumstances.

■ Statutes are construed according to their "plain meaning." Where the statute's language is plain, a court will enforce it according to its terms; statutory analysis thus ends, unless there is an ambiguity or where following the literal reading would lead to an absurd result. *See United States v. Ron Pair Enters., Inc.*,

---

**5.** There are three types of deeds to transfer title to real property in California: the statutory form of deed known as the "grant deed," the warranty deed, and the quitclaim deed. The grant deed is the most commonly used. Two statutory covenants can be implied in a grant deed, unless it contains an express exception. "[T]he grantor impliedly covenants (1) that prior to the execution of the conveyance he or she has not conveyed the same estate, or any right, title, or interest therein, to any person other than the grantee, and (2) that such estate is, at the time of the execution of said conveyance, free from any encumbrance that is done, made, or suffered by the grantor, or any person claiming under the grantor, such as his or her agents, employees, or representatives." 8 MILLER & STARR, *supra* § 8:5.

489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). "The cardinal rule [is] that a statute is to be read as a whole, . . . since the meaning of statutory language, plain or not, depends on context." *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991).

Section 522(f)(1) provides that a debtor "may avoid the fixing of a [judicial] lien on an interest of the debtor in property." Culver argues that this language means that the lien must be affixed to a *present* interest of the debtors. Since the lien was, at the time of the motion, affixed to property belonging to a third party, Culver's position is that the judicial lien neither impaired the debtors' homestead exemption nor hampered their "fresh start." The debtors contend, however, that they met the requirements of § 522(f)(1) because it was undisputed that they owned the homestead property when the judicial lien affixed, and that such lien impaired their homestead exemption at the time that they filed their bankruptcy petition.

Culver has cited several cases from other circuits which hold that the words, "an interest of the debtor in property," require the debtor to have a "present cognizable interest in the property . . . [in order] to have standing to move the court pursuant to section 522(f)." *In re Carilli*, 65 B.R. 280, 282 (Bankr.E.D.N.Y.1986). *See also In re Sizemore*, 177 B.R. 530 (Bankr. E.D.Ky.1995); *In re Riddell*, 96 B.R. 816 (Bankr.S.D.Ohio 1989); *In re Vitullo* [6], 60 B.R. 822 (D.N.J.1986); *In re Montemurro*, 66 B.R. 124 (Bankr.E.D.N.Y.1984); *In re Presti*, 1996 WL 788505 (Bankr.E.D.N.Y. Dec. 26, 1996); *In re Kudrna*, 173 B.R. 934 (Bankr.D.Idaho 1994). *But see In re Vincent*, 260 B.R. 617 (Bankr.D.Conn.2000) (critiquing the foregoing line of cases).

In these cases, with the exception of *Montemurro* and *Kudrna*, there is no indication of any warranty liability or escrow hold-back, or other present economic impact on the debtors, all of whom had sold their exempt property before the lien avoidance litigation.[7]

In *Montemurro*, the debtors also sought to avoid the lien as a prerequisite in order to garner escrowed funds from the sale of their real property. The bankruptcy court denied their request for two reasons: (1) § 522(f) does not allow a debtor to avoid a lien on property that they no longer own; and (2) the debtors were barred by laches because the creditor would be unfairly prejudiced if a valuation hearing would be held to determine the property value at the time of the bankruptcy filing. 66 B.R. at 124–25. We do not find the court's interpretation of § 522(f), rendered before *Farrey v. Sanderfoot* and *Owen v. Owen*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337, and 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350, respectively (1991), persuasive (to the extent it is not dicta).

*Kudrna* is distinguishable on its facts. There, the liens had been satisfied, and the issue was whether the liens could be avoided after they had been paid. The bankruptcy court granted the creditors'

---

**6.** Following *Vitullo*, a former debtor in New Jersey sought discharge of a judgment lien (proceeds in escrow) in state court. The state court questioned the district court's holding in *Vitullo* that a bankruptcy court could not void a judgment lien at the behest of a debtor who had conveyed title, when that result was not "compelled by any provision of the Bankruptcy Code." *Assocs. Commercial Corp. v. Langston*, 236 N.J.Super. 236, 242, 565 A.2d 702, 705–06 (1989). The court proceeded to discharge the lien under a state law provision for canceling a discharged judgment.

**7.** In *Presti*, the bankruptcy court found inapposite the fact that the debtors had sold their homestead property after they filed the avoidance motion, but before the hearing and order on the motion. 1996 WL 788505 at *2.

motions for summary judgment, and relegated the debtors' action against the escrow to state court. 173 B.R. at 935–36.

To the extent that the cases from other circuits, cited by Culver, hold that debtors may only move to avoid a lien affixed to property interests which they currently possess, we decline to follow them. We hold that the first prong of § 522(f) only requires that the debtors have an ownership interest in such encumbered homestead property on the petition date.

The term "interest of the debtor in property" must be read in the context of § 522(f)(1). This section states:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption . . . .

This language does not limit the debtor's interest to only present interests or even to "physical or monetary interests." *See In re Toplitzky*, 227 B.R. 300, 303 (9th Cir. BAP 1998).

█ The reference in the statute to avoiding a lien "on an interest of the debtor in property" requires that the debtor have an interest in the property at the time that the lien attached, *Farrey*, 500 U.S. at 301, 111 S.Ct. 1825, not at the time that the debtor files the motion to avoid the lien. The interest is the "object" onto which the lien affixed. *Id.* at 296, 111 S.Ct. 1825. Thus, § 522(f)(1) "requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest." *Id.* at 301, 111 S.Ct. 1825.

█ It is well-established that the nature and extent of exemptions is determined as of the date that the bankruptcy petition is filed. *White v. Stump*, 266 U.S. 310, 313, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *In re Kim*, 257 B.R. 680, 685 (9th Cir. BAP 2000); *In re Wolf*, 248 B.R. 365, 367–68

(9th Cir. BAP 2000); *In re Rowe*, 236 B.R. 11, 14 (9th Cir. BAP 1999) (citing *Herman*, 120 B.R. at 130). Because lien avoidance is part and parcel of the exemption scheme, the right to avoid a judicial lien must also be determined as of the petition date. *See Herman*, 120 B.R. at 130; *In re Dodge*, 138 B.R. 602, 607 (Bankr.E.D.Cal. 1992) (a debtor's eligibility to claim a homestead exemption and ability to avoid a judicial lien are fixed as of the petition date); *see also In re Pederson*, 230 B.R. 158, 163 (9th Cir. BAP 1999) (the purpose of § 522(f) is to protect a debtor's exemptions).

█ Furthermore, exemptions and impairment are determined on the date of bankruptcy and without reference to subsequent changes in the character or value of the exempt property, *Herman*, 120 B.R. at 130, provided that the debtors still have a sufficient interest to have standing.

In *Herman*, the debtor filed a chapter 7 petition, claimed the automatic or undeclared homestead exemption, then proceeded to enter into a contract to sell her residence. Before the sale closed, she filed a motion to avoid certain judgment liens. The creditor argued that the undeclared homestead exemption did not protect the proceeds of a voluntary sale. The bankruptcy court ruled that the sale of homestead property was to be considered the same as a forced sale, and that therefore the debtor would be allowed a homestead exemption on any net sale proceeds.

The BAP affirmed, and held that it need not reach the issue of what type of sale took place because that was irrelevant. 120 B.R. at 130. It held that "[a]bsent conversion from one chapter to another, the nature and extent of a debtor's exemption rights are determined as of the date of the petition. ... Thus, any post-petition disposition of the property or post-petition

change in the identity of the property into proceeds has no impact upon the exemption analysis." *Id.* *Accord In re Graziadei,* 32 F.3d 1408, 1410 (9th Cir.1994) (postpetition disposition of the property did not alter the debtor's entitlement to the homestead exemption amount).[8]

There is small but growing body of case law that is consistent with *Herman* and our interpretation of § 522(f). In *Dodge, supra,* in order to determine rights to the sale proceeds, the issue was whether the debtors had a valid homestead exemption in the real property at the time of the filing of the bankruptcy petition. 138 B.R. at 607. *Accord, In re Carroll,* 258 B.R. 316, 317–18 (Bankr.S.D.Ga.2001).

Another bankruptcy court has rejected Culver's line of case law as giving "an incomplete analysis" of § 522(f)(1). In *Vincent, supra,* the court opined that § 522(f) does not operate to avoid a " 'lien', *per se*" but rather the " 'fixing' of certain liens.... Accordingly, the fundamental question of ownership is whether the property encumbered by the subject lien was 'property of the debtor' *at the time of the fixing* of that lien upon such property." 260 B.R. at 620–21 (emphasis in original). The court ultimately denied the debtor's motion to avoid a lien, following a post-bankruptcy sale of the property, but did so on other grounds.

Here, the relief requested by the debtors' motion falls within the zone of interests governed by § 522(f). We therefore hold that the debtors met the prudential and statutory standing requirements to avoid Culver's lien.

## II. Is the Lien Avoidable?

Having determined that the debtors had standing to avoid the Culver lien, and hav-ing established the statutory authority to do so, the final question we address is whether the lien was avoidable.

Other than the arguments previously addressed, Culver does not challenge the bankruptcy court's determination that the Culver lien impaired the debtors' homestead exemption and was avoidable in its entirety, pursuant to § 522(f)(2). Therefore, these issues have been waived. *Doty v. County of Lassen,* 37 F.3d 540, 548 (9th Cir.1994) (by failing to brief an issue on appeal, the appellant waives the right to raise that issue); *In re Sedona Inst.,* 220 B.R. 74, 76 (9th Cir. BAP 1998) ("[A]n issue not briefed is deemed waived.").

Since the debtors had standing to bring the avoidance action and there is no dispute that the lien impaired their homestead exemption, the ruling that Culver's lien could be avoided is therefore affirmed on the merits.

## CONCLUSION

The debtors met the threshold constitutional and prudential standing requirements in order to bring a lien avoidance motion. The debtors sold their homestead, then sequestered the sale proceeds to cover the Culver lien pending the lien avoidance action. The homestead was undisputedly impaired by the Culver lien at the time of the bankruptcy filing. The sale proceeds and the potential breach of the warranty of title each gave the debtors a present economic interest in the homestead property.

Although the debtors had sold their homestead property, they asserted their own rights. Such rights were within the

---

8. Some of the facts in this case are distinguishable from those in *Herman.* The debtors here sold their property *outside* of the bankruptcy process. Their motion to avoid the lien was filed *after* the sale closed. These distinctions, however, raise only standing issues, which we have already addressed.

zone of interests protected by § 522(f), which determines exemption rights as of the petition date. In accordance with § 522(f), there was a "fixing of a lien on an interest of the debtor[s] in property"; the debtors owned the homestead property at the time the judicial lien affixed; and their homestead exemption was impaired at the time of their bankruptcy filing.

Therefore, the bankruptcy court's order avoiding the Culver lien is **AFFIRMED.**