LAKE v. PAGE.

The right of a widow in premises set out to her as a homestead under the act of 1868 is an estate for life.

WRIT OF ENTRY, for land in Deerfield. Facts agreed. November 15, 1882, the demanded premises were set out to Sarah W. Lake, widow of John Lake, by the probate court, as her homestead, and she continued to occupy the same until October 8, 1883, when she purchased another place in Deerfield, where she has lived from that time to the present. April 24, 1884, she conveyed her interest in the demanded premises to the defendant, who has since been in possession.

John Lake left a will, whereby, among other things, he gave to his wife, Sarah W., one undivided half of his real estate for life, with remainder to a residuary legatee, and to the plaintiff the other undivided half of the same premises for life, to be held in common with his wife. The widow waived the provisions of the will; and the question is, whether the plaintiff is entitled to the possession of the demanded premises during her life.

*Marston & Eastman*, for the plaintiff.

*Briggs & Huse*, for the defendant.

CLARK, J. The question in this case is, whether the estate vested in the widow by an assignment of a homestead in the estate of her deceased husband is conditional or absolute ; whether it is a mere personal right of occupancy, or an unconditional life estate which she may convey.

The homestead law of 1851 provided that the homestead should not be assets in the hands of an administrator for the payment of debts, nor subject to the laws of distribution or devise, so long as the widow or minor children, or any or either of them, should occupy the same. Under the act of 1851 the homestead right of the widow was held to be no more than a conditional life estate,—a mere right of occupancy,—a right to use and occupy for life. *Norris* v. *Moulton*, 34 N. H. 392, 397. In *Judge of Probate* v. *Simonds*, 46 N. H. 363, 368, *Perley*. C. J., says of the widow's right of homestead under the act of 1851,—" Her interest was a mere personal right to occupy during her life. It was no estate that she could transfer to another. * * * The purchaser at an administrator's sale of land subject to a homestead right of the widow, when she ceased to occupy in person, would hold the land discharged of her right."

By the act of 1868, the homestead law was materially changed. Under this act the homestead right is secured to the wife, widow,

and children of every person owning and occupying a homestead, for and during the life of such wife or widow and the minority of such children. Laws of 1868, *c.* 1, *s.* 33. Instead of being limited to "so long as the widow or minor children, or any or either of them, shall occupy the same," as in the act of 1851, the homestead right under the act of 1868 extends during the life of the wife, or widow, and the minority of the children, without any condition as to actual occupancy. The omission of the limitation as to occupancy by the widow and children, and the substitution of the words "for and during the life of such wife or widow, and the minority of such children" in its stead, was designed to abolish the condition of actual occupation upon which the continuance of the estate of the widow and minor children in a homestead set off and assigned to them out of the estate of the husband and father was made to depend under the act of 1851.

The homestead right is merely an inchoate right, which is not assignable until the homestead is set out and assigned in specific property. It then becomes a vested estate. The interest of the widow in the homestead premises bears some analogy to her right of dower. The language of the act of 1868 is similar to the statute relating to dower. "The widow of every person deceased shall be entitled to her dower in the real estate of which her husband died seized. * * *." G. L., *c.* 202, *s.* 2. "The * * widow * * of every person who is owner of a homestead * * shall be entitled to so much of said homestead * * as shall not exceed in value five hundred dollars * * for and during the life of such * * widow. * * *." G. L., *c.* 138, *s.* 1. "The judge of probate on petition * * may cause such homestead to be set off in the same manner as dower may be assigned by him." G. L., *c.* 138, *s.* 4. And when a homestead is set off and assigned to the widow, her inchoate and imperfect right becomes a vested estate for life in the premises set off, which she may occupy as a homestead, or, if she chooses, she may sell her estate therein, or exchange it for other premises better adapted to her wants and convenience.

By the assignment of the demanded premises to her as a homestead out of the estate of her deceased husband, Sarah W. Lake acquired a vested life estate therein, which was not defeated by her ceasing to occupy, nor by her conveyance to the defendant; and the defendant has a valid title to the demanded premises during the life of Sarah W. Lake.

*Judgment for the defendant.*

Smith, J., did not sit: the others concurred. ·