WILLIAM FARNSWORTH, Receiver, *vs.* ANDREW B. ROBBINS.

## January 31, 1887.

**Corporation — Stockholder — Liability to Creditors on Unpaid Subscription—All of Capital Stock not Taken.**—In an action in behalf of creditors of a corporation, to recover upon a subscription to its capital stock, the answer admitting the purchase of the stock, but alleging a subsequent surrender of it, and a discharge of the obligation to pay for the same, the fact that all of the authorized capital stock may not have been taken is not available in defence.

**Same—Construction of By-Law allowing Surrender of Stock.**—A bylaw providing for a surrender to a corporation of its capital stock, and the purchase of the same by the corporation, at a regular meeting of stockholders, 30 days' previous notice being given, construed as requiring 30 days' notice of the intention of a stockholder to make such a surrender; the time for the holding of such meetings being definitely fixed by the by-laws.

**Same—Capital Stock Impaired.**—Finding of the court sustained as to the capital stock being impaired.

**Same — Stock and Subscriptions a Trust Fund for Creditors — Release by Corporation Invalid.** — The capital stock of a corporation, contributed or agreed to be contributed, is, in equity, treated as a trust fund charged with the payment of its debts; and no by-law or resolution of the stockholders, as opposed to the rights of creditors, could authorize the release of the obligation of a solvent stockholder to pay for the stock taken by him, even though such release were in consideration of his surrendering his stock.

**New Trial—Newly-discovered Evidence.**—Refusal of the court to allow a new trial upon alleged newly-discovered evidence, sustained.

Appeal by defendant from an order of the district court for Ramsey county, refusing a new trial after a trial by *Brill,* J., a jury being waived.

*E. A. Campbell,* for appellant.

*Young & Lightner* and *Kitchel, Cohen & Shaw,* for respondent.

DICKINSON, J.   The facts of this case as found by the trial court may be thus stated:   The Northwestern Grain-dealers Association

v.36M—24

was organized as a corporation in 1881, with an authorized capital stock of $30,000. Subsequently this defendant subscribed for 100 shares of stock, of the par value of $5,000, for which he paid to the association $1,500 in cash, and gave his note for the remaining $3,500, which note was not, however, accepted as actual payment. It has never been paid. The certificates for this stock, to the amount of $3,500, were left in the possession of the secretary and treasurer, the remainder of the stock certificates being delivered to the defendant.

Among the by-laws of the corporation was the following: "Membership in said association shall cease, viz., upon the application of any member, made at any regular meeting of stockholders, of which thirty days' previous notice in writing shall have been given to each member. In the foregoing cases the association shall purchase the stock of such retiring member at par value, less any loss accrued at the date of surrender of said stock." The by-laws further provided that the regular meetings of the stockholders should be held on the first Tuesday of September of each year, and that special meetings might be called upon notice of not less than five days to each stockholder.

A regular meeting of the stockholders was held September 4, 1883, special notice of which was given not more than 10 days prior to the meeting. Several stockholders were not present at that meeting. At that meeting the defendant announced that he surrendered his stock, and withdrew from the association. Objection was interposed by some of the stockholders present, and no action was taken upon the subject by the body of stockholders. No prior notice of such action on the part of the defendant had been given. A month later the defendant formally surrendered to the secretary and treasurer his stock certificates, and that officer delivered up to the defendant his note, and repaid to him, out of the assets of the association, the amount which had been paid for stock, $1,500. Other officers of the corporation, being subsequently advised of the facts, acquiesced in what had been done. At that time the corporation was solvent, but its capital stock had been impaired by losses to the extent of $5,000 or more, and it was then in debt to the amount of more than

$70,000, of which indebtedness over $40,000 is still unpaid, and the corporation is now insolvent.

This plaintiff, having been appointed receiver of the corporation, seeks by this action to recover $3,500, with interest, the amount unpaid on the stock subscription. A recovery having been allowed, the defendant has appealed from an order refusing a new trial.

The point that the defendant's subscription was not binding upon him, for the reason that, as is claimed, the whole authorized capital stock was never subscribed for, is not tenable. Without referring to other considerations, it is sufficient to say that the defendant admits in his answer that he purchased the stock, but alleges that he fully paid for it; and, further, that, in accordance with the by-law above recited, he subsequently surrendered it to the corporation, receiving his note in return. Neither the answer nor the evidence justify the claim that, as to creditors at least, the defendant was never liable as a subscriber for the stock.

The court correctly construed the by-law. The prescribed 30 days' notice refers to applications which stockholders might desire to make to surrender their stock, and withdraw from membership; it does not refer to the meeting at which such an application might be made. The time for the holding of such meetings was definitely fixed by the by-laws, and no other notice was necessary. But, if any member should desire to avail himself of the privilege specified in the by-law recited above, notice of his purpose must have been given 30 days prior to the regular annual meeting. This requirement was not complied with; and, even if there were no other obstacle in the way, the defendant had not the right to return his stock to the corporation, and receive its par value from its assets.

The finding that the capital stock had become impaired is well sustained by the evidence. If the facts were as the evidence on the part of the plaintiff strongly tended to prove, a simple mathematical calculation shows the correctness of the finding. A recital of the evidence would serve no useful purpose.

But the alleged discharge of the defendant's obligation cannot be sustained in view of the equitable rights of creditors. The capital stock of a corporation, contributed or agreed to be contributed by its

stockholders, is, in equity and as to creditors, deemed a trust fund charged with the payment of the debts of the corporation, and must be treated as such by the corporation.   *Upton* v. *Tribilcock,* 91 U. S. 45; *Sanger* v. *Upton,* Id. 56; *Sawyer* v. *Hoag,* 17 Wall. 610; *Clapp* v. *Peterson,* 104 Ill. 26; *Crandall* v. *Lincoln,* 52 Conn. 73; *Adler* v. *Milwaukee, etc., Mfg. Co.,* 13 Wis. 57; 2 Morawetz, Corp. §§ 780, 781, 790, 820.   The obligation of the defendant, evidenced by his note given upon the purchase of stock, was impressed with this trust character; and no mere resolution or by-law of the stockholders could, as opposed to the rights of creditors in that fund, authorize a release of such an obligation of a solvent stockholder, even in consideration of his surrendering his stock.   See authorities above cited, and 1 Morawetz, Corp. § 112.   It is, however, claimed that the creditors assented to what was done, and are estopped.   There is no finding in support of this, nor was the evidence such as to require such a finding to be made.

The court was justified in refusing the motion for a new trial, based upon the affidavits of newly-discovered evidence.   As to the facts alleged in respect to the indebtedness of the corporation at the time of the defendant's withdrawal, it is enough to say that no fact is suggested which was not discoverable from an examination of the proper books and papers of the corporation, of which the defendant was a director at the time to which the inquiry relates; and no sufficient reason is shown for the neglect to resort to that most obvious source of information, either in preparation for the trial or upon the trial. In respect to the condition and value of the wheat, it has been ascertained that a Mr. Serl, who was the assistant general manager of the corporation, made an inspection on the 31st day of August, and made a written report to the general manager, Mr. Locke, from which he can now testify as to the fact.   Aside from the proposed evidence being cumulative, and therefore not in general affording ground for a new trial, it is to be observed that, as it would seem, it was shown upon the trial, by the testimony of the secretary, Farnsworth, that such an inspection had been made on the 31st day of August by some of those having charge of the affairs of the corporation; but no information was then sought as to who made it, nor particularly

as to the facts then discovered. The action of the court as respects the claim of newly-discovered evidence was clearly within the limits of its discretion.

Order affirmed.