Coös, }
Dec., 1894. }

BELAND v. GOSS & a.

BELAND v. DEMARS & a.

By an attachment of real estate, the creditor acquires a lien on all the debtor's interest except the homestead right.

If the debtor conveys the premises occupied as a homestead and removes therefrom, the creditor may sell the same on execution, subject only to prior mortgages.

PETITIONS, under the statute in regard to homesteads. Facts agreed. Frank Demars, one of the defendants, was the owner, subject to a mortgage, of a lot and dwelling-house occupied by him as a homestead. January 12, 1894, the plaintiff attached all of Demars' real estate on a writ in assumpsit. January 31, 1894, Demars and wife conveyed the real estate, subject to the mortgage, but with no provision as to the attachment, to the defendants, Goss and Perkins, by deed in common form with

release of dower and homestead. Neither Demars, nor Goss, nor Perkins has since resided upon the premises.

May 25, 1894, the plaintiff, having obtained judgment in his suit, placed an execution in the hands of an officer, who proceeded to advertise for sale all of the right which Demars had on January 12, 1894, or at the time of such advertisement, of redeeming said property. Before the sale Goss and Perkins filed a notice under the statute requesting the officer to set out to Demars and wife a homestead of the value of $500; and Demars and wife filed a like notice. August 8, 1894, the plaintiff filed a notice with the officer under the statute, denying such right of homestead, and afterward brought these petitions to have the same ascertained and adjudicated.

*Robert N. Chamberlin*, for the plaintiff.

*Herbert I. Goss*, for Goss and Perkins.

SMITH, J. The defendants contend that because at the date of the attachment the premises were subject to the mortgage, and to the right of the debtor and his wife to a homestead, no greater interest of the debtor can be seized and sold on the execution. By the attachment, the creditor acquired a statutory lien upon the debtor's interest in the property, not only as it was at the time the attachment was made, but such additional interest as he might have at the time the property was taken on execution. P. S., c. 220, s. 12. The attachment was subject to the mortgage; but if the mortgage debt had been paid in the meantime, the whole interest of the debtor after such payment would have been held by the attachment. The attachment was also subject to the homestead right; but if in the meantime the homestead has been lost by abandonment, release, or otherwise, the lien still remains, disencumbered of the homestead right.

After the attachment Demars and wife conveyed the land attached to Goss and Perkins, with release of dower and homestead, and removed from the premises. By the sale and removal their homestead right became extinguished. A homestead of the value of $500 is exempt, " during its continuance," from attachment and from levy or sale on execution. P. S., c. 138, s. 3. The exemption is in land owned by the debtor, or in which he has an interest, and occupied as his homestead. *Ib.*, c. 138, s. 1. After the conveyance Demars no longer owned the land, or had any interest in it; and after his removal he no longer occupied it. Ownership and occupancy being essential for the assertion of the right, it was lost upon the sale and removal.

The homestead right is an inchoate one, not assignable until the homestead is set out and assigned in specific property, when

it becomes a vested estate. It is said to bear some analogy to the right of dower, which may be released in the lifetime of the husband, but cannot be set out or assigned before his death. *Lake* v. *Page*, 63 N. H. 318, 319. See, also: *Norris* v. *Moulton*, 34 N. H. 392, 397; *Horn* v. *Tufts*, 39 N. H. 478, 484, 485; *Bennett* v. *Cutler*, 44 N. H. 69, 71; *Austin* v. *Stanley*, 46 N. H. 51, 52; *Locke* v. *Rowell*, 47 N. H. 46; *Currier* v. *Woodward*, 62 N. H. 63; *Cross* v. *Weare*, 62 N. H. 125, 126.

The conveyance to Goss and Perkins was not, either in form or substance, an assignment of a right of homestead. The deed was an absolute conveyance of the whole title in fee to the grantees. They did not take a life estate in the debtor's interest in the land of the value of $500, but all his interest, which was the whole estate, subject to the mortgage. The grantees, upon delivery of the deed and upon their removal to the land for the purpose of occupying it as a homestead, would become entitled to a homestead therein as against their own creditors; but they cannot set up that right against the statutory lien of a creditor of their grantor, acquired before the conveyance to them, and of which they had at least constructive notice.

The debtor and his wife no longer having a right of homestead in the premises in question, his creditor by virtue of his statutory lien can sell the same, subject only to the mortgage.

*Case discharged.*

All concurred.

---

## MEMORANDUM.

On the eighteenth day of May, 1895, Mr. Justice SMITH, having attained the age of seventy years, retired under the limitation of the constitution.

On the twenty-first day of May, 1895, Mr. FRANK NESMITH PARSONS was appointed an associate justice of the court, and took his seat upon the bench June 4, 1895, at the law term then held at Concord.