Hillsborough, }
Nov. 2, 1915. }

GEORGE JACQUES *v.* MANCHESTER COAL & ICE CO. *& a.*

A sole stockholder to whom all the assets of a corporation have been conveyed is liable for claims against the company, whether sounding in tort or in contract, to the extent of the property so received or the proceeds derived from its sale.

BILL IN EQUITY, alleging that the defendant company, being liable to the plaintiff for injuries negligently inflicted upon him, conveyed all its property to its sole stockholder, the New England Investment Company, in return for the surrender of the certificates of stock, while his suit was pending; that the Investment Company sold the property, and its agent, the defendant Loveren, now holds $50,000 of the proceeds of such sale; and that the plaintiff, having recovered judgment for about $4,000, is unable to find any property from which to satisfy the execution.　The prayer is that the defendant Loveren be ordered to pay the amount of the judgment from the fund in his hands.

At the trial at the January term, 1915, of the superior court before *Branch,* J., it was found that the transfer of the property

to the Investment Company was a distribution of the assets of the Coal & Ice Company to its stockholder, and a decree was made as prayed for, subject to the defendants' exception.

*Taggart, Burroughs, Wyman & McLane,* for the plaintiff.

*O'Connor & O'Connor* and *George A. Wagner,* for the defendants.

PEASLEE, J.   Upon the finding that the transfer of the property of the Coal Company to its sole stockholder, the Investment Company, was a distribution of the capital stock of the former, the plaintiff in this proceeding was entitled to relief.   "Equity regards the property of a corporation as held in trust for the payment of the debts of the corporation, and recognizes the right of creditors to pursue it into whomsoever's possession it may be transferred, unless it has passed into the hands of a *bona fide* purchaser." *Railroad Co.* v. *Howard,* 7 Wall. 409.

"It is well settled both on principle and precedent that stockholders are liable to creditors to the extent of the property of the corporation received by them on distribution, where no provision has been made for the payment of debts.   The liability rests on the theory that it is a fraud upon the corporate creditors to distribute the corporate property to the stockholders without providing for the payment of the debts of the corporation.   The willful destruction or the intentional diminution of any part of the corporation's capital, or the diversion of the profits thereof, is held to be a fraud upon the creditors and entitles them as against the perpetrators to maintain an action for proper relief."   4 Thomp. Corp. (2d ed.), s. 4926; *Crandall* v. *Lincoln,* 52 Conn. 73; *Hurd* v. *Company,* 167 N. Y. 89; *Farnsworth* v. *Robbins,* 36 Minn. 369.   The term "debts" is used in this connection in the sense of legal liabilities.   The trust is imposed in favor of the holders of all corporate obligations, and may be taken advantage of by those whose claims sound in tort rather than contract.   *Grenell* v. *Gas Co.,* 112 Mich. 70.

The defendants' contention that because no attachment was made no lien was obtained upon the property does not affect the result. If there had been such a lien, it would have been superior to the rights of *bona fide* purchasers for value; and without the lien, the right of such a purchaser would prevail.   But the stockholder to whom distribution was made does not stand as a purchaser, but as a trustee, accountable to those having lawful claims against the

corporation. The decree does not impose a lien upon the specific property, which may have passed to a *bona fide* purchaser. It merely charges one who wrongfully received the property for what was so received.

The fact that the stockholder has disposed of the specific property transferred to it does not alter the legal situation. When it took the property it became chargeable for the value thereof, and its liability is not decreased by the fact that it has sold the property and now holds the proceeds of the sale. It is not necessary to determine whether the transfer violated the law in other respects.

*Exception overruled.*

All concurred.