Hillsborough-northern judicial district
No. 94-830

RICHARD L. RODMAN

v.

BONNIE YOUNG

July 24, 1996

*Richard L. Rodman*, by brief, *pro se*.

*Bonnie Young*, *pro se*, filed no brief.

*Stephen E. Young*, by brief, *pro se*.

MEMORANDUM OPINION

PER CURIAM. The plaintiff, Richard L. Rodman, appeals from an order of the Superior Court (*Conboy*, J.) dissolving an *ex parte* attachment. We vacate and remand.

In June 1994, the plaintiff, an attorney, brought suit against the defendant, Bonnie Young, for monies owed for legal services rendered in connection with her divorce. He obtained an *ex parte* attachment in the amount of $10,000 against the defendant's interest in real estate as security for a judgment. At the same time, the plaintiff obtained an *ex parte* attachment against a property settlement to be paid to the defendant pursuant to a divorce decree. Stephen Young, the defendant's ex-husband, was named as the trustee defendant of that property settlement. The parties do not dispute, and, accordingly, we will assume for purposes of this case, that the attachment was timely (and otherwise properly) recorded.

The property settlement portion of the attachment was dissolved after hearing on August 2, 1994.

The defendant's ex-husband then filed a motion for clarification and objection to the real estate attachment claiming that "[t]he court has upheld the attachment on my property (awarded 7/5/94 through divorce stipulation 91-M-1550) against [the defendant] even though she has no interest in said property." In response thereto, the trial court, in its order, reiterated that the trustee attachment was dissolved, and further ordered that "[t]o the extent that [the defendant] has any interest in the . . . real estate, the real estate attachment remains in place. If [the defendant] has no interest in said real estate, the attachment is dissolved."

■ The plaintiff claims that the trial court effectively dissolved the real estate attachment, and thus deprived him of all security for his judgment, since the defendant, as anticipated, conveyed her interest in the real estate to her ex-husband in exchange for a sum of money. The plaintiff argues that the trial court had no authority to act upon the defendant's ex-husband's motion since the defendant's ex-husband was a non-party to the underlying action, and otherwise had no standing to object to the attachment. The defendant's ex-husband argues that the trial court properly treated his motion as a request to intervene. He appeared *pro se* and claimed he did not attend the original attachment hearing due to a scheduling error. Under the circumstances, we find that it was not unreasonable for the trial court to consider his motion.

Having made this determination, we now turn to the real matter of concern to the plaintiff; namely, that he has lost his security for any judgment he obtains against the defendant. Our analysis begins with the language of the trial court's order. Although presumably the trial court intended to preserve the attachment, that intent is not reflected in the language of the order. To the contrary, it indicates that if at the time the order was issued the defendant had

no interest in the real estate, the attachment was dissolved. In other words, the order makes the preservation of the attachment dependent on the extent of the defendant's interest in the property at the time her ex-husband's motion was acted upon, not on the lien that arose when the attachment was originally made. This is clearly erroneous.

■ It is the defendant's interest in the real estate at the time the attachment was originally made, and the lien resulting therefrom, that controls, not her interest at the time her ex-husband filed his motion. RSA 511:7 (1983) states that "[b]y an attachment of real estate all the debtor's interest therein is held to satisfy the judgment . . . ." RSA 511:17 (1983) provides:

> No attachment of any interest in real estate shall be defeated by any change in the nature of the debtor's right thereto, as by redemption of a mortgage or other encumbrance or the execution to the debtor of any conveyance pursuant to a contract, but the whole interest of the debtor, upon such change, shall be held by the attachment.

As Wiebusch explains in his treatise:

> Once a real estate attachment has been made, it cannot be defeated by any change in the nature of the debtor's rights in the real estate. If the debtor's interest is conveyed or extinguished as between the debtor and a third party, the transaction is nevertheless ineffective to remove the attachment lien from the property, and the new state of ownership holds title subject to the attachment.

4 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 584, at 352 (1984); *see Lachance v. Dondero*, 91 N.H. 157, 159, 16 A.2d 59, 60 (1940); *Beland v. Goss*, 68 N.H. 257, 258, 44 A. 387, 387 (1894); *Kittredge v. Warren*, 14 N.H. 509, 522 (1844). Although we are unable to determine from the record before us whether the defendant, in fact, had an interest in the real estate at the time the attachment was made, based upon her ex-husband's representation in his motion that the real estate was not awarded to him pursuant to the divorce decree until early July, it appears that she did. Assuming *arguendo* that this is the case, even though the defendant conveyed her interest in the real estate, she conveyed that interest, and her ex-husband would now hold that real estate, subject to the plaintiff's attachment. As a matter of law, the plaintiff would hold a lien on the property and, assuming he obtained a judgment against the defendant, could execute thereon. We there-

fore vacate and remand for further proceedings consistent with this opinion.

*Vacated and remanded.*

All concurred.