Coos
No. 95-510

MICHELE J. LEBLANC

v.

RANDALL C. BERUBE AND KAREN L. BERUBE

January 28, 1997

*Moynihan & Michalik*, of Berlin (*Wayne T. Moynihan* on the brief and orally), for the plaintiff.

*Waystack & King*, of Colebrook (*Clare M. Hinkley* on the brief, and *Jonathan Frizzell* orally), for the intervenor, Karen L. Berube.

*Randall C. Berube, pro se*, filed no brief.

## MEMORANDUM OPINION

BRODERICK, J. The plaintiff, Michele J. LeBlanc, appeals the Superior Court's (*Smith*, J.) release of an attachment on property owned by the intervenor, Karen L. Berube. We vacate and remand.

In December 1994, the plaintiff obtained an attachment for unpaid child support on unencumbered real estate in Milan. At the time, Randall C. Berube, the child's father, and the intervenor, Berube's wife, owned the property. Mr. Berube and the intervenor subsequently signed a divorce stipulation transferring the Milan property to the intervenor as sole owner.

In March 1995, the plaintiff secured a second attachment on property in Berlin, owned solely by Mr. Berube. The intervenor then sought to remove the original attachment on the Milan property. The trial court granted the intervenor's motion following a hearing

in June 1995, concluding that "[t]he divorce action wiped . . . out" the original attachment because the plaintiff did not intervene to protect the attachment. This appeal followed the trial court's denial of the plaintiff's motion for reconsideration.

RSA 511:17 (1983) provides:

> No attachment of any interest in real estate shall be defeated by any change in the nature of the debtor's right thereto, as by redemption of a mortgage or other encumbrance or the execution to the debtor of any conveyance pursuant to a contract, but the whole interest of the debtor, upon such change, shall be held by the attachment.

The plaintiff argues that under this statute, the trial court erred in ruling that the divorce stipulation between Mr. Berube and the intervenor "wiped . . . out" the original attachment. The intervenor, on the other hand, maintains that in releasing the attachment, the trial court appropriately exercised its statutory discretion to discharge or modify an attachment as justice requires.

It is true that the legislature has vested the trial court with discretion to release, discharge, or modify attachments acquired in equity proceedings "as justice may require." RSA 498:21 (1983); *see Sindt v. Gilfoyle*, 124 N.H. 315, 317, 469 A.2d 1334, 1335 (1983). The issue before us in this case, however, is not whether the court properly exercised its equitable discretion, but rather whether the court was correct in ruling that, as a matter of law, the divorce action terminated the attachment on the Milan property.

We are not without guidance in this area. Construing PS 220:12 (1891), the virtually identical ancestor of RSA 511:17, we observed more than a century ago that an interest in a debtor's property acquired through attachment survives the debtor's subsequent abandonment or conveyance of the property. *See Beland v. Goss*, 68 N.H. 257, 258, 44 A. 387, 387 (1894); *see also Rodman v. Young*, 141 N.H. 236, 238, 679 A.2d 1150, 1151-52 (1996). In other words, properly recorded attachments are superior to the rights of bona fide purchasers. *See Rodman*, 141 N.H. at 238, 679 A.2d at 1152; *Jacques v. Company*, 78 N.H. 33, 34, 95 A. 952, 952 (1915). It follows that the trial court erred in ruling that transfer of the property from Mr. Berube to the intervenor simply "wiped . . . out" the attachment on the Milan property. Whether the attachment should in any event have been released after the plaintiff obtained an attachment on Mr. Berube's Berlin property is a question left to

the sound discretion of the trial court in the first instance. *See* RSA 498:21.

*Vacated and remanded.*

All concurred.