In re Paul Edward SCHALEBAUM,
Debtor.

Paul Edward Schalebaum, Movant,

v.

Town of Wolfeboro, New Hampshire,
Respondent.

Bankruptcy No. 01–10240–MWV.
CM No. 01–120.

United States Bankruptcy Court,
D. New Hampshire.

April 19, 2001.

Erland McLetchie, Esq., Schroeder, McLetchie & Clough, for the Debtor/Movant.

Mark Puffer, Esq., Barto & Puffer, P.A., Concord, NH, for the Respondent.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the Debtor's motion to avoid lien pursuant to 11 U.S.C. § 522(f)(2). In his motion, the Debtor seeks to avoid an alleged attachment/judicial lien on proceeds from the sale of real estate that he alleges impairs his homestead exemption. He also seeks to avoid an attachment/judicial lien on business

property that he alleges impairs his wild-card exemption. In most cases, this type of motion involves nothing more than applying the mathematical formula provided by section 522(f). However, in order to utilize section 522(f), there must be an exemption and there must be a judicial lien. Whether either exists in this case is the real question posed by the motion. The Town of Wolfeboro ("Wolfeboro") has also raised the issue of whether the wild-card exemption, pursuant to N.H. RSA 511:2(XVIII), pertains to cash.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

A hearing was held on the motion on March 27, 2001. Certain documents were admitted into evidence by agreement, but no testimony was taken at the hearing, and the matter was submitted on the parties' papers and arguments of counsel.

The facts are not in dispute and will be briefly stated in this opinion. On or about June 16, 2000, Wolfeboro perfected an attachment on real estate of the Debtor located in Carroll County. The Debtor's homestead property was located in Carroll County, specifically, at 3 Timber Lane, Wolfeboro, New Hampshire. The homestead property was sold on August 31, 2000. In order to clear title, and pursuant

to an order of the Carroll County Superior Court (the "Superior Court"), one-half of the net proceeds of this sale, approximately $22,000, was deposited with the Superior Court.[1] A petition under Chapter 7 of the Bankruptcy Code was filed on January 30, 2001. This motion was brought on February 28, 2001.

### I. The Homestead Exemption

■ The Debtor asserts that he has a homestead exemption in the funds that were deposited with the Superior Court. He argues that upon the voluntary sale of his homestead property, the homestead exemption continued in his share of the proceeds of the sale, which are undisputed as being less than the $30,000 homestead exemption provided by N.H. RSA 480:1. This Court disagrees.

■ First, the nature of the homestead right requires occupancy of the real estate. The homestead right is extinguished by the conveyance of the premises and removal therefrom. *Beland v. Goss*, 68 N.H. 257, 258, 44 A. 387, 387 (1895); *Gerrish v. Hill*, 66 N.H. 171, 171, 19 A. 1001, 1001 (1890). Although RSA 480:1 provides for payment of the homestead right upon the involuntary termination of the homestead pursuant to foreclosure or levy and execution, there is no statutory protection of the homestead right upon the voluntary sale of the homestead. This Court, in previous orders, has recognized that the homestead right might not be lost upon the temporary absence from the homestead such as in connection with a divorce proceeding, but has never protected the homestead right upon the voluntary sale prior to the bankruptcy proceeding.

1. The Superior Court orders granting the attachment and granting partial release of the attachment were not offered as evidence at the March 27, 2001 hearing. However, they

are attached to the proofs of claim filed by Wolfeboro and with the agreement of the parties this Court took judicial notice of the orders.

The Debtor further argues that the case of *In re Williams,* 171 B.R. 451 (D.N.H. 1994), is dispositive of the question of whether the homestead right attaches to the proceeds. Once again, the Court disagrees. That case concerned the proceeds of a workman's compensation award pursuant to RSA 281 and the exemption provided by RSA 281-A:52 which states, "compensation and any claim for compensation shall be exempt from all claims of creditors . . . ." NH RSA 281-A:52(I). In a reasonably worded opinion, Judge McAuliffe concluded that the intention of the workman's compensation statute was to provide a substitute for income that the claimant is prevented from obtaining because of the injury. That compensation is, in fact, in cash, and as long as it is identifiable and identified, it is subject to the exemption. That is not the case of the homestead right, which is to provide shelter unless there is an involuntary termination of the right, which this Court believes distinguishes the *Williams* decision.

## II. The Lien

■ Having decided that at the time of the bankruptcy the Debtor did not have a homestead right in the proceeds, the next question is whether Wolfeboro has a valid lien on the proceeds because of its real estate attachment. The ultimate determination of Wolfeboro's secured status may have to be left for another day. However, this Court disagrees with Wolfeboro's assertion that its real estate attachment/judicial lien followed the proceeds of the sale of the real estate. At the time the attachment was perfected, the Debtor had a homestead right in the Wolfeboro premises. That right, in most circumstances, is exempt from attachment. N.H. RSA 480:4. Therefore, the Town's attachment was subject to the Debtor's homestead right as long as the Debtor lived in the property. *See Beland v. Goss,* 68 N.H.

257, 257, 44 A. 387, 387 (1895). It is not disputed that the Debtor's interest in the property was less than the $30,000 homestead exemption permitted by RSA 480:1. Upon the sale of the property, the attachment remained with the property. It did not, however, attach to the proceeds of the sale of the property, as it had not previously attached to the Debtor's interest in the property due to the homestead exemption. The mere conveyance of the property did not create an attachment that otherwise did not exist.

Wolfeboro has, however, filed a proof of claim asserting that it has a security interest in the proceeds by way of the orders of the Superior Court. This Court is without the benefit of a sufficient record to make a determination as to whether that alleged security interest is valid and the Debtor has not objected to Wolfeboro's proof of claim at this time. Therefore, the Court makes no finding at this time regarding Wolfeboro's alleged security interest other than to rule that its lien did not attach to the proceeds upon the sale of the real estate.

## III. The Wildcard Exemption

■ Both parties have raised, on some level, the issue of whether the wildcard exemption may be used to exempt the proceeds. The issue of whether the wildcard exemption, RSA 511:2(XVIII), includes cash can be summarily dealt with. In a recent decision, *Vaillancourt v. The Granite Group (In re Vaillancourt),* 260 B.R. 66 (Bankr.D.N.H.2001), Judge Deasy found that the term " 'any property' refers to all types of property." The Court agrees with that finding. Wolfeboro's objection on this ground is denied. Absent some further showing from Wolfeboro, the proceeds in question that are not subject to the homestead exemption may be exempt under the wildcard exemption to the

extent available and the Debtor is free to claim such an exemption.

## IV. Lien on PJ's Drive–In

The Debtor also apparently seeks to avoid Wolfeboro's attachment on property known as PJ's Drive–In located in Ossipee, New Hampshire as impairing the wildcard exemption, which he would otherwise be entitled to claim. The property is fully encumbered by a first mortgage and the Debtor would have no equity in the property regardless of Wolfeboro's attachment. The Debtor's motion does not comply with local rule 4003–2 and form 4003–2 of this Court's Local Bankruptcy Rules. Therefore, it does not reveal the extent to which the Debtor seeks to utilize his wildcard exemption against the Ossipee property and does not provide this court with a proper basis for conducting a § 522(f) analysis. Should the Debtor so choose, he is free to renew his request to avoid the attachment on the Ossipee in a motion that properly complies with the Federal and Local Rules of Bankruptcy Procedure.

## CONCLUSION

For the reasons stated above, the Debtor's motion to avoid Wolfeboro's attachment lien on the proceeds from the sale of his homestead pursuant to § 522(f) is denied as there was no homestead exemption in the proceeds as of the date of the bankruptcy. However, the Court also finds that Wolfeboro's lien did not attach to the proceeds upon the sale of the homestead property. The Court does not decide at this time whether Wolfeboro holds a lien on the proceeds by way of the Superior Court orders or otherwise. Finally, the Court is without sufficient information to act on the motion to avoid Wolfeboro's attachment on the property known as PJ's Drive–In; the Debtor may bring a renewed motion to avoid the lien.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.