In re Paul Edward **SCHALEBAUM**, Debtor.

No. 01–10240–MWV.

United States Bankruptcy Court, D. New Hampshire.

June 14, 2001.

Geraldine Karonis, Office of U.S. Trustee, Manchester, NH, for U.S. Trustee.

Ernie McLetchie, Schroeder, McLetchie & Clough, Ossipee, NH, for debtor.

Mark Puffer, Barto & Puffer, P.A., Concord, NH, for Town of Wolfeboro.

Steven M. Notinger, Donchess & Notinger, P.C., Nashua, NH, Chapter 7 Trustee.

## ORDER ON MOTION FOR TURNOVER

MARK W. VAUGHN, Chief Judge.

The Chapter 7 Trustee ("Trustee") and the Town of Wolfeboro ("Town") have submitted competing claims to funds ordered held by the Carroll County Superior Court ("Superior Court") pending final determination of a dispute between the Town and the Debtor. For the reasons set out below, the Court finds that the Town holds a valid judicial lien on the funds.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### BACKGROUND

Prior to his bankruptcy, the Town filed a breach of contract action against the Debtor and obtained a prejudgment attachment on all of his real estate. Thereafter, his residence was sold for $44,000 and the proceeds were placed in escrow while the Debtor, who believed the proceeds were subject to the real estate attachment, sought a court order releasing the attachment. Although initially denying the motion on an ex parte basis, after holding a hearing the Superior Court partially granted the motion, apparently on the grounds that one-half of the proceeds belonged to the Debtor's wife, who was not subject to the attachment. The order stated in pertinent part:

[O]ne-half (½) of the said net proceeds now held in escrow, which total approxi-

mately $22,000.00, shall be transferred to the Clerk of Court—Carroll County, forthwith. The remaining proceeds held in escrow may be released. The Clerk shall place said proceeds in an interest-bearing account pending final disposition of the underlying matter. The attachment earlier granted by the Court is RELEASED, expressly conditioned upon transmittal and receipt of said proceeds, as reviewed above.[1]

The Superior Court subsequently clarified its order to apply only to the Debtor's residence and not to other real estate covered by the attachment. The Town's action against the Debtor was ultimately stayed by the filing of his bankruptcy petition on January 30, 2001. Thus, the Town's claim was never litigated and judgment has not entered.

On February 28, 2001, the Debtor, still acting on the assumption that funds held by the Superior Court were subject to a judicial attachment, filed a motion in this Court to avoid the lien pursuant to 11 U.S.C. § 522(f) as impairing his homestead exemption. After holding a hearing on the motion, the Court, in a memorandum opinion, *Shalebaum v. Town of Wolfeboro*, 2001 BNH 016, denied the motion, finding that the Debtor could not claim a homestead exemption in the proceeds of the sale as no homestead right existed at the time of the bankruptcy. However, the Court also ruled in that opinion that the Town's real estate attachment did not follow the proceeds of the sale because it never attached to the Debtor's interest in the property due to his then existing homestead right. The Court expressly left open the question of whether the Town could otherwise claim a lien on the proceeds.

Following the Court's findings, the Trustee brought a motion seeking turnover to the estate of the approximately $22,410 then held by the Superior Court. A hearing on the motion was held on May 14, 2001, at which all parties agreed that the Debtor was entitled to $8,000 of the proceeds under his wildcard exemption. However, the issue of whether the remaining funds belonged to the estate or were subject to a judicial lien remained. The parties were invited to prepare memoranda on the issue and submit the question to the Court. Both parties filed briefs on June 1, 2001.

## Discussion

The Town argues that even though this Court found that the attachment did not follow the proceeds of the sale, the Superior Court's order created a judicial lien on the proceeds within the definition of that term under the Bankruptcy Code. *See* 11 U.S.C. § 101(36). The Town further argues that because its claim, which is not disputed, exceeds the value of the funds subject to the lien, it is a secured creditor with respect to those funds. The Trustee, on the other hand, claims that the order transferring the funds to the Superior Court was effectively a bill of interpleader which merely preserved the unencumbered funds pending the resolution of the dispute between the Town and the Debtor and did not create a judicial lien.

The Court rejects the Trustee's position. New Hampshire courts recognize the right of a party who serves merely as a custodian of property to force rival claimants to such property to litigate between themselves who holds the rightful

---

1. None of the pleadings or the Superior Court's orders were attached as exhibits in any of motions before the Court. However, the orders were attached to the proofs of claim filed by the Town, and with the agreement of the parties, the Court took judicial notice of the orders.

claim. The custodial party is the plaintiff in a bill of interpleader and the competing claimants are the defendants. "The issue presented by the plaintiff in a bill of interpleader is the existence of facts which give him the right to require the parties made defendant to interplead and settle the controversy between themselves." *Barrett v. Cady,* 78 N.H. 60, 96 A. 325, 326 (1915). By filing a bill of interpleader, the custodian is relieved of the risk of liability to multiple claimants to the same property. *Id.* After the custodian's right to interplead is established he is permitted to pay the subject funds into the court and is released from the action. *Id.* Here, there was no party who could serve as the plaintiff in an interpleader action, i.e. there was no disinterested third party holding the proceeds. This Court will not stretch the equitable interpleader doctrine so far as to characterize the Superior Court's role as that of a plaintiff in an interpleader action.

The better answer, and the only logical conclusion that can be reached based on the evidence before the Court, is that the Superior Court intended to place a judicial lien on the funds in favor of the Town in order to secure any possible judgment the Town would receive on its contract action. It is clear that the Debtor and the Town operated under the assumption that the real estate attachment attached to the sales proceeds, and therefore, the issue of whether the attachment followed the proceeds was never raised before the Superior Court. On the Debtor's motion to release the attachment, the Superior Court stated: "The Court GRANTS in part and DENIES, in part, the Defendants' Motion for Release of Attachment." Thus, it is also clear that the Court was acting under the assumption that there was a valid attachment on the proceeds and intended that the attachment should continue in part. In addition, the order stated that release of the attachment was "expressly conditioned upon transmittal and receipt of said proceeds [by the Superior Court]." This, too, evidences an intent on the part of the Superior Court to protect the Town's interest by maintaining a lien in favor of the town pending the outcome of the litigation. Although this Court subsequently found that in fact the Town's attachment did not automatically attach to the proceeds of the sale, absent any contrary evidence, it is impossible to reach any other conclusion than to find that the Superior Court was acting at all times with the intent to maintain a lien in favor of the Town.

■ A "judicial lien" is defined by the Bankruptcy Code as a "lien obtained by judgment, levy, sequestration, *or other legal process or proceeding.*" 11 U.S.C. § 101(36) (emphasis added). It is not necessary for there to be an appealable judgment in order to create a judicial lien as any legal process or proceeding can create a judicial lien. *See* 2 Collier on Bankruptcy, ¶ 101.36 (15th Ed.). Here, there was clearly a legal proceeding before the Superior Court in which it ordered that the funds be placed in escrow to secure any future judgment. This Court finds this sufficient evidence of a judicial lien.

■ The remaining issue raised by the parties is whether the Town now has a valid secured claim. The Town's breach of contract action was stayed prior to the entry of final judgment by the Debtor's bankruptcy. On March 19, 2001, the Town filed three proofs of claim alleging amounts due for payment of rent, electric service, and water/sewer services totaling $30,091.44, representing the amount sought in the Superior Court action. The Debtor and the Trustee both agreed that this was the proper amount due under the Debtor's contracts with the Town, and therefore, in the absence of objections the claims are allowed pursuant to 11 U.S.C.

502(a). The Town has an allowed claim in the amount of $30,091.44 secured by the judicial lien on the proceeds remaining in the Superior Court. Pursuant to 11 U.S.C. § 506(a), the Town has a secured claim up to the amount currently held by the Superior Court with the remainder of its claim unsecured.

### CONCLUSION

For the reasons set out above, the Court finds that the Town of Wolfeboro holds a judicial lien on the funds held in the Carroll County Superior Court securing its claims totaling $30,091.44.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.