In re Christopher M. MAY and Veronica L. May, Debtors.

No. 04–14217–MWV.

United States Bankruptcy Court, D. New Hampshire.

Aug. 26, 2005.

Andrew G. Bronson, Esq., Bronson Law Office, for Debtors.

Gregory A. Moffett, Esq., McCaffrey & Moffett, PLLC, Concord, NH, for Woodsville Guaranty Savings Bank.

## *MEMORANDUM OPINION*

MARK W. VAUGHN, Chief Judge.

The Court has before it the Debtors' motion to avoid a judicial lien held by Woodsville Guaranty Savings Bank ("WGSB") as well as the Debtors' amendment to their petition and schedules. WGSB has objected to both motions on the grounds that the Debtors do not have a homestead interest in the property. The Court held a hearing on the motions on August 9, 2005, at which counsel for both parties argued their relative positions. The Debtors had just filed a memorandum of law in support of its position, and WGSB had cited law in support of its position in its objections.

### *JURISDICTION*

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceed-

ings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## FACTS

The facts are not in dispute. The Debtors filed their petition on November 29, 2004. At the time of the filing of the petition, the Debtors owned real property in Woodsville, New Hampshire. Prior to the filing of the petition, WGSB had obtained a judicial lien on the property on November 9, 2004. The deadline for filing objections to exemptions, February 4, 2005, had already passed. On March 21, 2005, Veronica May moved to the State of Colorado. On March 29, 2005, the Debtors entered into a purchase and sale agreement to sell the property for $89,900. On April 26, 2005, after signing the purchase and sale agreement, Christopher May also moved. On June 8, 2005, the Debtors brought the instant motion to avoid lien and amendments to their petition and schedules.

At the time the Debtors filed their petition, they were *pro se* and used a computer program to prepare the petition. Based on their belief that the value of the real property was $70,000 with mortgages of $55,448.58, the computer calculated their homestead exemption to be $14,511.42. The amendments to the petition increased the value of the property to $89,900, which is the amount of the purchase and sale agreement, and also increased the homestead exemptions to $100,000 per debtor, or an aggregate of $200,000.

On June 2, 2005, the Debtors retained counsel, and the various motions were brought soon thereafter.

## DISCUSSION

The Court will first briefly address the issue raised by the Debtors that WGSB's failure to object to the Debtors' exemptions bars it from now raising as a defense to the motion to avoid lien. The First Circuit Bankruptcy Appellate Panel in *In re DeCarolis*, 259 B.R. 467 (1st Cir. BAP 2001) in footnote 8, agreed with Judge Haines' decision in *In re Maylin*, 155 B.R. 605, 613 (Bankr.D.Me.1993) that failure to object to the debtor's exemption does not bar a creditor from raising the question of the exemption as a defense to a motion to avoid a lien. The Court agrees with that position and finds that WGSB is not barred from raising the issue of the homestead exemption as a defense to the lien avoidance motion. Section 522(f)[1] states as follows:

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt—

(i) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement; and

(ii) to the extent that such debt—

---

1. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Re-

form Act of 1978, as amended, 11 U.S.C. §§ 101, *et seq.*

(I) is not assigned to another entity, voluntarily, by operation of law, or otherwise; and

(II) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support; or

(B) a nonpossessory, nonpurchase-money security interest in any—

(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

(3) In a case in which State law that is applicable to the debtor—

(A) permits a person to voluntarily waive a right to claim exemptions under subsection (d) or prohibits a debtor from claiming exemptions under subsection (d); and

(B) either permits the debtor to claim exemptions under State law without limitation in amount, except to the extent that the debtor has permitted the fixing of a consensual lien on any property or prohibits avoidance of a consensual lien on property otherwise eligible to be claimed as exempt property;

the debtor may not avoid the fixing of a lien on an interest of the debtor or a dependent of the debtor in property if the lien is a nonpossessory, nonpurchase-money security interest in implements, professional books, or tools of the trade of the debtor or a dependent of the debtor or farm animals or crops of the debtor or a dependent of the debtor to the extent the value of such implements, professional books, tools of the trade, animals, and crops exceeds $5,000.

11 U.S.C. § 522(f).

The Debtors cite *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) and *In re Chiu,* 304 F.3d 905 (9th Cir.2002) to support their position. Those cases stand for the proposition that the debtor must have an *interest in the property* at the time the lien affixes to the property in order to have standing. WGSB cites a line of cases, *In re Carilli,* 65 B.R. 280 (Bankr.E.D.N.Y.1986); *In re Vitullo,* 60 B.R. 822 (D.N.J.1986); *Kudrna v. Credit Bureau, Inc. (In re Kudrna),* 173 B.R. 934 (Bankr.D.Idaho 1994); and *In re Sizemore,* 177 B.R. 530 (Bankr.E.D.Ky.

1995). Those cases stand for the proposition that the debtor must have an *interest in the property* at the time the motion to avoid the lien is brought in order to have standing. In those cases, the property had been sold prior to bringing the motion. Neither line of cases discusses the requirements for a homestead under state law.

It is unnecessary for this Court to side with either line of cases as there is no question in the instant case that the Debtors had an interest in the property at the time the lien affixed and that the Debtors had an interest in the property at the time the motion was brought. In fact, they still do since the closing has not yet occurred.

■ Simply put, the question before the Court is whether the Debtors' actions after filing the petition resulted in the loss of the homestead exemption. There is no question that the property was the Debtors' homestead at the time of the filing. Prior to the execution of the purchase and sale agreement, Veronica May moved out of the property in question. Subsequently, Christopher May, moved out of the property, but only after the signing of the purchase and sale agreement.

Properties consisting of a debtor's homestead are sold in bankruptcy proceedings on a regular basis, and the proceeds thereof, subject to the homestead exemption, are routinely paid to the debtor. The Court cannot find, on the facts of this case, that entering into a purchase and sale agreement while still occupying the premises and then subsequently moving from the premises prior to the closing constitutes an abandonment of the homestead.

WGSB cites this Court's opinion in *In re Schalebaum,* 273 B.R. 1, 2 (Bankr.D.N.H. 2001) in support of its position that the homestead requires occupancy. That case concerned a voluntary prepetition sale as opposed to a voluntary proposed postpetition sale as in this case. Indeed, a further holding in *Schalebaum* is detrimental to WGSB, which was that since the homestead interest is exempt from attachment, the lien never attached to the debtor's homestead interest and, thus, could not fall on the proceeds.

The Court, having found that the Debtors' have a homestead exemption, finds that the Debtors' motion to avoid lien complies with the other provisions of § 522(f), that the Debtors' exemption is impaired and grants the motion to avoid lien of WGSB.

The parties, in their pleadings, have also raised the issue of the applicability of § 522(h) and the wildcard exemption. While it appears that WGSB's attachment was within the ninety day preference period, and the trustee has not pursued a preference action, the Court has insufficient information on the record to determine whether or not all of the elements of the preference exist. Likewise, having found that the Debtors have a valid homestead interest that is impaired, the Court finds it unnecessary to determine the applicability of the wildcard exemption.

Finally, the Court finds that the necessity to amend the Debtors' schedules was not the result of any wrongdoing by the Debtors and hereby grants their amendment to petition and schedules.

## CONCLUSION

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.